Per Curiam.
 

 Harrington,
 
 Justice:
 

 By the thirteenth section of the act concerning the probate of wills and the administration of the personal estate of deceased persons
 
 {Dig.
 
 226,) rents of the, real estate of the deceased which shall come to the administrator’s hands are made assets for the payment of demands against the deceased, and the administrator is made chargeable therewith accordingly; but it is provided that this shall not extend the obligation of the administration bond, either as against the administrator or his sureties. How then is the administrator chargeable; and to whom is he liable? It is evident that the act did not mean to make him liable only to heirs but to creditors also, for it -is further provided that upon a demand of the heir or devisee of such rents, it shall be a sufficient defence that the administrator has applied them to demands against the deceased, or ¡that there are such demands to which the same are applicable. The [liability of an administrator to a creditor for rents of the decedent’s Band received by him, is clear by the terms of the act, and it is equally clear that the remedy is not upon the administration bond. ¡A.nd if there was a remedy under the bond, it would not follow that pll other remedies were excluded. In the case of
 
 Barber
 
 vs.
 
 lM‘ Clymenl’s ex’rs.,
 
 the late Supreme Court of this State decided the contrary, viz: that the remedy under the bond was cumulative; and Ihe court sustained that action, which was assumpsit against an executor for the proceeds of sales of land sold by order of the Orphans’ Kourt. This decision was indeed made before the act of 1829, re-iuiring administrators to give new bonds for such proceeds of sale; lut that does not make any difference as to this question, for it is luite clear here that the administration bond does not cover these fcnts. The administrator must, therefore, be responsible in the form If action which the plaintiff in this case has resorted to.
 

 The plaintiff is entitled to judgment on the verdict.