STATE, use of JAMES GILES, by his guardian ISAAC GILES *vs.* CORNELIUS WAPLES.

Rents cannot be recovered in a suit upon an administration bond, before an account is passed.

The act of 1837, extending the obligation of administrators to rents received, brings them within the bond, though not expressed.

In an action by a distributee, a minor, against the surety of an administrator, the defendant cannot, under a plea of payment or set-off, set up a claim for maintenance and support of the minor by his mother, the administratrix.

DEBT on an administration bond against a surety; to recover the

balance on administration accounts, and certain rents and profits received by the administratrix.

Hetty W. Giles (now Hetty W. Lawless) administered on the estate of Thomas B. Giles, deceased, with the defendant as her surety. She passed several accounts, showing balances, of which the distributive share of James Giles was $99 05, including rents for 1839-40.

The plaintiff offered to prove the value of the rents received by the administratrix, for 1841-42. This was objected to, on the ground that the plaintiff could not recover any rents received by the administratrix *before* the settlement of an account before the register, except after an appeal; nor could he recover for rents received *since* the last settlement, otherwise than by citing the administratrix to settle a further account before the register.

*Mr. Cullen*, contra, contended that the register had no power to compel an administrator to account for rents. The Orphans' Court will not entertain an appeal to charge the administrator with *rents*. Prior to 1837, the bond did not cover them. (2 *Harr. Rep.* 5, *State use of Brown* vs. *Brown;* 9 *Del. Laws*, 163.) But this act does not compel the administrator to receive the rents; nor give the register any power to make him account for them. It was so decided by the Orphans' Court, at the last term. In *State use of Jefferson* vs. *Waples*, the old Court of Common Pleas decided that even money or goods received by an administrator might be recovered in an action on the bond, though no account had been passed before the register.

*Mr. Layton* replied.—As to the case cited from the Orphans' Court at the last term, it was where the administrator received the rents as an heir-at-law, and not as administrator. The Orphans' Court refused to charge him with rents *as administrator*, which the party, being both heir and administrator, received and never acknowledged as administrator.

*The Court* ruled out the testimony, on the ground that the administratrix should have been charged with these rents by citation and account before the register, before they could be recovered in the action on the administration bond.

Exception prayed and granted.

*Layton*, for defendant, moved a nonsuit.—1. For a misjoinder of counts, alledging breaches for non-payment of the unappropriated

balance of the personal estate, and for non-payment of rents received.   2. Because the bond is barred by limitation.

*The Court* refused the nonsuit, without hearing argument contra.

Mr. Layton's argument was, that the act of 1837, extending the condition of an administration bond to rents, did not cover rents, *unless the condition of the bond expressly included it.*   (1 *Ch. Plead.* 209.)

The defence offered a set-off of maintenance, support and education of the plaintiff, a minor child of Thomas B. Giles, by Hetty W. Giles, their mother; the administratrix, and for whom this defendant was surety.   This was objected to.

*Mr. Houston.*—This is an action of debt on a bond against Cornelius Waples.   The pleas are non est factum; payment; set-off and limitation.   How does it support any of these pleas, to show that another person, Mrs. Hetty Giles or Mrs. Hetty Lawless, has supported or paid money to the plaintiff.

*Layton.*—It already appears in the case that Cornelius Waples is the surety in the administration bond of Hetty W. Giles, (now Lawless) and we offer a payment or set-off by her against this action of her child, against her surety.   The pleas, if drawn out, would state this.   A payment by a principal is a good defence for the surety; and it would be ruinous to sureties, if payments by the principal could not be given in evidence for them.   (*Dig.* 98 ; 1 *Harr. Rep.*, 324.)

*Mr. Cullen,* in reply.—This evidence is not admissible under the plea of *payment,* which is something given by the defendant and received by the plaintiff in payment or part payment of a sum due. It cannot be set off, because it is not due in the same right.   But has the mother the right to expend all a child's property in his maintenance and support.   Has a party a right to charge the child at all for maintenance, if able to support it?   And there is no evidence here of the mother's inability.   This would be to dispense with guardians, and to give the mother larger rights over the minor's property than even a guardian.   It does not appear; and cannot appear, at law, that Cornelius Waples is a surety.   If the mother does not choose to charge her child for maintenance, has another person a right to do so, even if he be the surety?   How does it appear that she wishes to set up a claim out of the little property of her child, for his board and clothing.   She has passed no such ac-

count; and presented no claim. As to the case cited from 1 *Harr. Rep.*, 324, no objection was made to the admissibility of the evidence of maintenance and support in that case; and the point was not made; if it had been made the objection must have been sustained.

*The Court* ruled out the evidence, notwithstanding the case of the State use of Cannon *vs.* Cannon's adm'r., (1 *Harr. Rep.*, 324,) where this question does not seem to have been made. In reference to the question itself, the court had no doubt. Evidence of a payment or set off by another person, not a party to this suit, cannot be allowed under the plea of payment or set off *in* this case; which, though in short, could not be drawn out otherwise than as a set-off or payment by Cornelius Waples.

*Mr. Layton* now offered the record of a reference and award for $87 51; and judgment, in a suit by this plaintiff against James W. Lawless, and Hetty his wife, late Hetty Giles, administratrix of Thomas B. Giles.

*The Court* asked if it was proposed to follow up the record by proof that the judgment against Lawless and wife had been paid; to which it was replied that no such evidence could be offered.

*The Court* then ruled it out as inadmissible, under any pleas in this case.

Verdict for plaintiff $154 84.

*Cullen* and *Houston*, for plaintiff.
*Layton* and *Layton*, for defendant.