[No. 4826.]

## A. W. VON SCHMIDT v. SARAH E. BOURN, SETH PINKHAM, AND ALPHEUS BULL, EXECUTRIX AND EXECUTORS OF THE ESTATE OF WM. B. BOURN, DECEASED.

LIABILITY OF AN ESTATE FOR ACTS OF SPECIAL ADMINISTRATOR.—If a special administrator of an estate, as such, and without authority, sells stock of a corporation which had been pledged to the deceased in his lifetime as security for a loan of money, and receives the proceeds, which he pays over to executors subsequently appointed, this does not constitute a conversion by the estate, so as to enable the pledgor to recover the enhanced value of the stock in an action of trover against the executors.

IDEM.—Conceding that the pledgor could, in such case, maintain an action against the executors for the recovery of the proceeds of the sale, or such portion of them as had passed to the credit of the estate, the action is for money had and received to the use of the plaintiff and in affirmance of the sale.

Appeal from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The defendants demurred to the complaint, because it did not state facts sufficient to constitute a cause of action, and because it showed a conversion of the stock, and the proceeds arising therefrom, by Seth Pinkham as special administrator of the estate of Wm. B. Bourn, prior to the appointment of the defendants as executors of the estate. The court overruled the demurrer, and the defendants answered. The plaintiff recovered judgment for six thousand five hundred and fifty dollars, in gold coin. The defendants appealed.

The other facts are stated in the opinion.

*G. F. & W. H. Sharp,* for the Appellants.

*Wm. Hayes, Alexander Campbell* and *Geo. R. B. Hayes,* for the Respondent.

By the Court:

The action is trover, to recover of the defendants, who are executors of the estate of Wm. B. Bourn, deceased, the value of certain two hundred shares of mining stock sold by the defendant Pinkham while he was special administrator of the estate, duly appointed by the Probate Court. The sale of the stock, which was made by Pinkham in August, 1874, produced only three thousand five hundred dollars, but in September following, its market value was upward of ten thousand dollars.

It is alleged in the complaint that in June, 1874, the plaintiff was the owner of the two hundred shares of mining stock, evidenced by a certain certificate therein mentioned; that under these circumstances, he borrowed of Wm. B. Bourn, then in life, four thousand and fifty dollars, and as security for its repayment delivered to him the stock as a pledge; that on the 24th day of July next thereafter, the said Bourn departed this life, and on the 3d day of August following, the defendant Pinkham became the special administrator of his estate, and shortly afterwards, coming

into the possession of the pledge, Pinkham, as such special administrator, sold it for a sum not mentioned in the complaint, and without notice to the plaintiff. It is further alleged in the complaint that on the 21st day of August, 1874, the defendants, Sarah E. Bourn, Charles Langley, Seth Pinkham and Alpheus Bull, duly qualified as executors of the will of Wm. B. Bourn, deceased, and as such executors, subsequently received from the defendant Pinkham the proceeds of the sale of the pledge.

The theory of the plaintiff's case is, that because he was the owner of the pledge when it was sold by Pinkham as special administrator, and because the proceeds of that sale subsequently came to the estate of Bourn, the executors thereby became liable, not merely for the moneys so received by them, but also for the enhanced value of the stock sold by Pinkham. But we think that this position is not tenable. There can be no doubt that as special administrator of Bourn's estate, Pinkham had no authority to sell the property of Von Schmidt, and that if he did so, he would be personally liable therefor in an action of this character. But the facts stated in the complaint would not constitute a conversion of the stock by the estate of Bourn, so as to enable the plaintiff to recover from the estate its enhanced value.

It may be conceded that under such circumstances the plaintiff might maintain an action against the executors for the recovery of the proceeds of the sale, or such portion of them as had actually passed to the credit of the estate, and become a part of its assets. The action, however, would not be in tort, but for money had and received to the use of the plaintiff and in affirmance of the sale.

Judgment and order denying a new trial reversed, and cause remanded, with directions to sustain the demurrer to the amended complaint.