SIMPSON v. SNYDER.

1. **Administrator:** CONVERSION OF PROPERTY: JUDGMENT. Where the defendant, as administrator, took possession of and sold, as assets of his intestate, property owned by the plaintiff, it was held that a judgment for the value of the property was properly rendered against him in his capacity as administrator.

*Appeal from Shelby Circuit Court.*

THURSDAY, OCTOBER 7.

ACTION to recover the value of thirteen head of cattle. There was a verdict and judgment for plaintiff. Defendant appeals.

*Sapp, Lyman & Ament,* for appellant.

*J. E. Weaver,* for appellee.

BECK, J.—I. The only questions discussed by defendant's counsel involve the sufficiency of the evidence to support the verdict, and the correctness of the judgment against plaintiff in his capacity as administrator. Other questions raised by the assignment of errors and not discussed we are not permitted to consider.

1. ADMINIS-TRATOR: conversion of property: judgment.

II. The decision of the case turned upon the question whether the property in controversy belonged to plaintiff or to J. W. Simpson, defendant's intestate. Upon this question there was conflict in the evidence. The preponderance of the proof, we think, was in favor of plaintiff. The positive and

direct admission of the intestate that the cattle belonged to plaintiff is shown by more than one witness.    This, with other evidence, well supports the verdict.

III.    The pleadings show that the property was taken and claimed by defendant as administrator, and that he sold the same as administrator.    Defendant sets up no claim to the property in any other capacity.    It appears, then, that the controversy is about property which the administrator claims belongs to the estate, and which he sold as administrator. He was chargeable, as administrator, with the proceeds of the property, and it is very plain that the estate, and not the defendant, should pay plaintiff the amount recovered in this action.    The judgment, therefore, was properly rendered against the defendant as administrator.    If the judgment in this form is erroneous, it is difficult to see how it can be prejudicial to defendant.    Unless prejudice be shown, the judgment cannot be disturbed.

The counsel for defendant insist that if the cattle did not belong to the intestate, the defendant wrongfully took them, and the estate cannot be liable for his tort.    But this statement does not present the whole case.    The estate received the benefit of the proceeds of the cattle, and ought to restore the amount thus realized to plaintiff.    It is not shown that defendant realized by the sale of the cattle less or more than their value; it will be presumed that he sold them for their value.    The action is not to recover damages for the tort of defendant, but for the value of the property, and the verdict and judgment were for the value.    The position of defendant's counsel possibly would be correct if the judgment were for damages on account of the wrongful act of defendant.    No other questions are presented in the case.    The judgment of the Circuit Court is

AFFIRMED.