WILLIAM T. FORBES, Judge of Probate, *vs.* MARY L. KEYES & another.

Worcester.    October 1, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Executor and Administrator. Bond. Estoppel. Waiver.*

An executor with the consent of the devisees under the will of his testator may collect the rents of real estate or occupy real estate of his testator, accounting for the income to the Probate Court as provided by R. L. c. 150, § 6.

It is not a breach of an executor's bond for the executor, when there is sufficient personal property to pay all debts and charges of the estate, to make an attempted sale and conveyance of real estate of his testator, erroneously supposing that the will gives him power to make such a sale when in fact it does not.

If an executor, when there is sufficient personal property to pay all debts and charges of the estate, makes attempted sales and conveyances of real estate of his testator, erroneously supposing that the will gives him power to make such sales when in fact it does not, and the devisees under the will, instead of asserting their title to the real estate, accept and receipt for large sums of money received by the executor from these sales of real estate without making any objection to the validity of the sales, the title conveyed or the prices received, and assent to the accounts of the executor in which he has charged himself with the proceeds of the sales, they are estopped to question the propriety of the action of the executor in making the sales or to allege this action as a breach of his bond.

Where an executor fails to file an account in the Probate Court within the time required by his bond, but afterwards files an account and three years later files another, and this second account is allowed with the consent of all the parties interested, such consent to the allowance of the account is a waiver of all previous breaches of the bond in not rendering an account.

No action under R. L. c. 149, § 23, can be maintained on an executor's bond for a failure to pay the shares in a residuum of the estate of his testator where there has been no previous demand for such payment.

Whether when a residuum under a will is to be distributed a decree of distribution is necessary, *quaere.*

RUGG, J. -This is an action duly brought in the name of the judge of probate for the county of Worcester against Mary L. Keyes and George N. Keyes, as executors of the will of Israel N. Keyes, upon their joint bond as such executors. The declaration alleges as breaches of the bond: 1. A management of the estate without authority of law or of the will, so as to gather into the hands of the executors large sums of money from rents and sales of real estate of the testator. 2. A failure to account to the

Probate Court at the expiration of one year from the date of their bond.  3.  A demand by the legatees upon the executors at the expiration of one year from the date of their bond for the property due them under the will, and a refusal of payment by the executors.  4.  An ascertainment by accounting in the Probate Court of the sums gathered into the hands of the executors from all sources, a demand for payment to the legatees and a refusal by the executors.  The defendants pleaded a general denial, and later George N. Keyes pleaded an adjudication of bankruptcy on March 29, 1904, and a discharge thereon on June 21, 1904.  The report shows that Israel N. Keyes died on April 23, 1897.  The defendants were duly appointed executors, and qualified by giving their bond, which was approved on May 11, 1897.  An inventory was duly filed, exhibiting both real and personal estate of the testator.  Rents of the real estate were collected regularly by the executors until October, 1897, when the defendant Mary L. Keyes removed to California, where she has since resided.  After this time she did not return to Massachusetts, but she permitted George N. Keyes to transact all business connected with the estate, she having no personal part in the management thereof.  At various times, before and after October, 1897, the executors, under a supposed and assumed authority to sell conferred by the will, executed and delivered as such executors deeds of divers parcels of real estate belonging to the testator, receiving large sums of money therefor.  In August, 1903, certain legatees filed their petition in the Probate Court, asking for a construction of that portion of the will of the testator, which the executors had theretofore assumed conferred the authority to sell real estate.  A decree was duly entered thereon, from which no appeal was taken, to the effect that, there being sufficient personal estate to pay the debts of the testator, funeral expenses and charges of administration, the will did not authorize a sale of real estate.  The sales of real estate were made by the executors under the legal advice that the will conferred authority to make such sales, and no objection has been made at any time by any party in interest to the validity of the sales, the title conveyed or the amounts received therefrom, and a partial distribution of the proceeds of such sales and of other assets indiscriminately was made and accepted by the beneficiaries under

the will, and receipts were given therefor without objection. The amount of such sales, after Mary L. Keyes left this Commonwealth, amounted to more than $70,000.

On November 9, 1900, George N. Keyes filed in the Probate Court the first account of the administration .of the estate, in response to a citation from the Probate Court, Mary L. Keyes not participating in nor having actual knowledge of the preparation of the account. The caption was " The first account of Mary L. Keyes and George N. Keyes, as rendered by the latter." On November 4, 1903, " The second account of Mary L. Keyes and George N. Keyes, as rendered by the said George N. Keyes " (as stated in the caption) was filed in the Probate Court. The latter account was prepared under the direction of counsel for the estate, who was the agent of said Mary L. Keyes, she first knowing of its preparation and filing some months afterwards. Both of these accounts were referred by the Probate Court to an auditor, who, under decrees not objected to, stated new accounts for the executors. After some corrections made by the auditor, and with items of balance from the first account, which was also allowed by the Probate Court, the second account was by the consent of all interested parties allowed by the Probate Court on November 27, 1903. The caption of this account as allowed by the court was " The second account of Mary L. Keyes and George N. Keyes," and was for a period ending with the first day of October, 1903, the two accounts together covering the period from the date of the appointment of the executors to the last named date. From decrees allowing these accounts no appeal was taken. Subsequently to the allowance of these accounts Mary L. Keyes by petition sought to be relieved from being jointly charged with her co-executor. Proceedings in this behalf were terminated adversely to her after the present action was begun. The second account showed a balance in the hands of the executors of $14,845.78.

Mary L. Keyes did not file an appointment of an agent as required by R. L. c. 139, § 8, until after a petition had been filed for her removal as executrix, on the ground of such failure, nor until August 1, 1903, since which time no proceedings have been had on that petition.

Under the terms of the report, if the evidence sustains the

ruling of the Superior Court for the plaintiff, judgment is to be entered against the defendant Mary L. Keyes for the penal sum of the bond ; otherwise, for that defendant. We are, therefore, brought to the inquiry whether Mary L. Keyes, upon these facts, has made any breach of her bond, of which the plaintiff can now complain.

The first claim of the plaintiff is that the estate has been so managed, without authority of law or of the will, as to place in the hands of the executors large sums of money from rents and sales of real estate. The collection of rents of real estate by consent of the devisees, or the occupation of real estate by one of the executors, (which appears to have been the source of some of the rents charged against them in the accounts of these executors,) is permitted by statute, and decisions of this court recognize money so received as assets properly in the hands of an executor or administrator. R. L. c. 150, § 6. *Stearns* v. *Stearns*, 1 Pick. 157. *Almy* v. *Crapo*, 100 Mass. 218. *Brooks* v. *Jackson*, 125 Mass. 307. It was no breach of the bond for the executors to attempt to sell the real estate. If the will conferred no authority upon them to make the sale, then their act in attempting to convey title was a nullity, and the rights of the devisees under the will were not affected thereby. A pretended conveyance made under an assumed power of sale conferred by a will, which by true construction does not confer the power, all being a matter of public record, cannot operate to deprive the devisees of their title, provided they seasonably undertake to assert it, and do not accept the fruits of the sale. *Thayer* v. *Winchester*, 133 Mass. 447. But all the parties in interest have assented to the account of the executors, by which they were charged with the proceeds of the sales, and the devisees have accepted and receipted for large sums of money received from these sales of real estate and have at no time made any objection to the validity of the sales, to the title conveyed, or to the prices received. Under these circumstances, the devisees are estopped to claim that this action of the executors constituted any breach of the bond. The acquiescence of all the parties in interest has proceeded too far to permit them now in this proceeding to question the propriety of these acts.

The next breach of the bond alleged is a failure to account to

the Probate Court. Although no account was filed in accordance with the tenor of the bond, yet one account was filed on November 9, 1900, and another on November 4, 1903, and this second account was allowed with the consent of all interested parties. An allowance of an account, under these circumstances, was a waiver of all previous breaches of the bond in not rendering an account, on the part of all those consenting to the allowance. *McKim* v. *Harwood*, 129 Mass. 75. Since the filing and allowance of the second account, there has been before the bringing of the present suit no breach of the bond in not accounting, as there has been no order of the court requiring an account, and one year had not elapsed since the filing of the last previous account. R. L. c. 149, § 1, cl. 3.

The third and fourth allegations of breach of the bond are of failures to pay to the legatees upon demand the property due them under the will. These allegations are not supported by any evidence, for the report shows that no demand has been made at any time by any of the legatees or devisees for payment of the amounts due under the account, and there is no evidence that any previous demand was ever made. It is to be observed that no final account has been filed, and that the last account was entitled and allowed as a second account. It is further to be noted that, although the balance in the hands of the executors is made up partly of receipts from sales of real estate, partly of rents of real estate, and partly of personal property of the testator, and the residuum of the estate is in part to be distributed among persons of a class (R. L. c. 141, § 22), yet there has been no decree of the Probate Court as to the persons to whom payment should be made or amounts to which the several residuary legatees may be entitled. Without discussing the bearing of these two considerations upon the plaintiff's right to recover, we treat as the single question under this branch of the case, whether an action can be maintained upon a probate bond for a failure to pay the shares in a residuum of a testate estate without a previous demand. It appears to be settled by authority in this Commonwealth that an action cannot be maintained upon a bond given by an executor for the faithful discharge of his duties, for the use and benefit of legatees on account of a failure to pay legacies, without proof of a previous demand. As was

said in *Prescott* v. *Parker*, 14 Mass. 429, " Until such a demand, the executor cannot be reasonably said to have been guilty of a breach of his trust, or even of a neglect of duty." To the same point see *Paine* v. *Moffit*, 11 Pick. 496; *Dawes* v. *Sweet*, 14 Mass. 105; *Miles* v. *Boyden*, 3 Pick. 213; *White* v. *Webster*, 13 Pick. 374; *Leland* v. *Kingsbury*, 24 Pick. 315; *Newcomb* v. *Williams*, 9 Met. 525; *Conant* v. *Stratton*, 107 Mass. 474, 483; *Choate* v. *Jacobs*, 136 Mass. 297; *Brigham* v. *Elwell*, 145 Mass. 520. Although it may be true that Mary L. Keyes, having given a joint bond with George N. Keyes, is jointly responsible for such assets as may have come to their joint possession (*Ames* v. *Armstrong*, 106 Mass. 15), the report does not disclose such joint maladministration or individual wrong on her part, either in the respects pointed out in the declaration or otherwise, as warrants an action under R. L. c. 149, § 23, without a previous demand for payment of legacies. It is not necessary now to decide whether there should be a decree for distribution.

Under the terms of the report, no judgment can be entered against the defendant, George N. Keyes, although it does not appear why he is thus exonerated. See U. S. St. of July 1, 1898, c. 541, § 17; *Crawford* v. *Burke*, 195 U. S. 176. We do not therefore consider any questions which the report might raise as to him.

The entry must be

*Judgment for the defendant Mary L. Keyes.*

*J. S. Gould*, for the plaintiff.

*H. F. Harris & W. H. Whiting*, for the defendants.