JESSIE BUTTS, Also Known as MRS. CALVIN BUTTS, for the Use of C. D. Starbuck, Successor in Title to L. G. Starbuck, *Plaintiffs in Error,* v. LÓUIS JAMMES, *Defendant in Error.*

Opinion Filed November 9, 1914.

An express power given an executor to sell and convey any and all of the testator's estate, real and personal, may authorize the sale by the executor of lands that are expressly devised, where such a sale accords with the apparent intent of the testator.

Writ of Error to Circuit Court for Seminole County; James. W. Perkins, Judge.

Judgment affirmed.

*V. S. Starbuck,* for Plaintiffs in Error;

*Thos. E. Wilson* and *Wilson & Housholder,* for Defendant in Error.

WHITFIELD, J.—In an action of ejectment to recover "Lot 3, Tier 14, Gertrude Avenue," also described as "Lot 4 Block Z," at Sanford, Florida, the court refused to instruct for the plaintiff on the evidence and directed a verdict for the defendants. The plaintiff took writ of error and contends here only that the conveyance of the land to the defendants was not authorized by the will under which it was made. The plaintiff's quit-claim deed was executed by one claiming to be a devisee of the particular land, while the defendant's deed was executed by the life tenant who was executor with express power to sell and convey. The will of James Albert Merritt, under which both parties claim title, makes stated bequests, then provides: "To my mother Sarah A. Merritt, I give and bequeath the use, income, rent, issues and profits of all the residue of my estate both real and personal of which I may die seized or possessed to be used and enjoyed by her for and during the term of her natural life." "After the death of my mother I give and bequeath the following sums of money," etc. "To Mrs. Calvin (Jessie) Butts * * * I give, devise and bequeath * * * Lot 3, Tier 14 Gertrude Avenue," in Sanford, Florida. Then follows a residuary devise to several designated persons. The will then states, "I hereby fully authorize and empower my executors to sell, dispose of and convey any and all of my estate, real and personal, at public auction or at private sale, as they may deem proper, and out of the moneys arising from such sale or sales of my said real and personal estates, to pay all my just debts, funeral charges and expense of settling my estate and the legacies herein bequeathed, and I fully authorize and empower my said executors to execute and deliver good and sufficient conveyance for any of my real estate which may be sold by him." Sarah A. Merritt was the only executrix

who qualified and acted and she "both as life tenant and as executor of the last will and testament of J. Albert Merritt" "by virtue of the power and authority to her given in and by the said last will and testament" conveyed the land to Jammes in 1901. At the trial "it was admitted by the plaintiff that the defendant had been in possession since the date of said deed, viz.: October 5th, 1901, pretending to own it as his own; that said defendant has been claiming under said deed; that he had fenced the property; that he had been in complete possession thereof and had complied with every requisite necessary to make a claim of adverse ownership if he were in a position so to do." It does not appear when Mrs. Merritt, the life tenant and executor, died.

Even if Mrs. Butts, who gave L. G. Starbuck a quitclaim deed to the land, was a devisee in fee of the particular land, to take effect after the death of the life tenant, the express power given to the executor to sell and convey any and all of the testator's estate real and personal, covered the land specifically devised as well as any other property of the testator, since there is apparent from the will no purpose that the land devised to Mrs. Butts should not be sold and conveyed by the executor; but the will is subject to the construction that the land or its value was to go to Mrs. Butts as may be deemed by the executors to be to the best interests of the estate. Under the circumstances of this case it cannot be said that the court erred in directing a verdict for the defendant.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.