## Stofer v. Stiltz, et al.

(Decided February 19, 1918.)

### Appeal from Fayette Circuit Court.

Powers—Construction—Sale of Devise in Fee.—A power of sale is not repugnant to a devise of property in fee, and where a testatrix devised a farm in fee and in a subsequent clause of the will empowered the executor "to sell all my estate at will and execute deeds therefor," the devisee took the farm subject to the power, and the executor may sell it in order to pay the proceeds to the devisee in lieu of the devise.

RHINES & SHANNON for appellant.

W. E. NICHOLS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellees, by written contract, sold and agreed to convey to appellant a farm in Fayette county, for which he agreed to pay $12,000.00. Appellees, according to the terms of the contract, tendered to appellant a general warranty deed to the land, which he refused to accept upon the ground that plaintiffs did not have title to the

property; whereupon they began this action against him
for damages for his breach of the contract. He an-
swered, setting out the alleged defects in appellees' title;
and the parties filed a stipulation that, in the event the
court found for the plaintiffs, their damages should be
assessed at $525.00. Upon submission, the court held
that plaintiffs owned and tendered to defendant a good
fee simple title to the land and entered judgment for
them against defendant for $525.00, agreed upon as the
amount of the damages, from which judgment defendant
appeals.

The only defect in appellees' title asserted here is
that their vendor Llewellyn Sharpe as executor of Jos-
phine Sharpe's will did not have the power to sell or
convey the land. By her will, duly probated, Josephine
Sharpe provided for the payment of her debts and the
erection of a monument at her grave, and then devised
to named devisees, the fee simple title to two pieces of
real estate, a house and lot in Lexington and the farm
in controversy. After making special devises of money
to several persons, she devised all the rest of her prop-
erty, real, personal and mixed, to the same parties to
whom she had willed her farm, and in the eleventh and
last clause of the will named Llewellyn Sharpe as exe-
cutor in the following language:

"I hereby appoint Llewellyn Sharpe, Jr., as executor
of this will, and give him power to sell all my estate at
will and execute deeds therefor."

It will be noticed the power to sell and convey her
land, all of which she had in the preceding clauses speci-
fically disposed of, is given the executor in positive and
unambiguous language; and there is no claim that the
power conferred by this clause, if valid, is not ample to
warrant the sale and conveyance by the executor to ap-
pellees, but, it is insisted, this clause is inconsistent with
and repugnant to the fourth clause by which the farm is
devised absolutely in fee and, therefore, invalid, at least
in so far as the farm in concerned, since it would limit or
diminish the fee devised.

Appellant rests his contention upon the rule of con-
struction thus set out in Underhill on Wills, sec. 689:

"We think the rule is correctly stated by the text-
writers and many authorities as follows: 'Where prop-
erty is given in clear language sufficient to convey an
absolute fee, the interest thus given shall not be taken

away, cut down, or diminished by any subsequent vague and general expressions.' ''

This rule is clearly not applicable here, although the farm is given in clear language sufficient to convey an absolute fee, because the interest thus given is not taken away, cut down, or diminished by any subsequent vague or general expressions. The power given the executor to sell and convey is not in vague, general, or indefinite expressions, which require any construction of their meaning. The only construction necessary is to reconcile, if possible, any inconsistency in the two positive and unambiguous sections; and this can be done upon authority by holding that, under the fourth clause of the will, the devisees took the farm in fee, subject to the power of sale given to the executor by the eleventh clause. The power is not a limitation upon the fee, but is a condition attached to it. While the exercise of the power by the executor alters the method by which the testatrix's bounty is bestowed upon the devisees by requiring them to take the proceeds of the sale of the land instead of the land itself, it does not limit or diminish their interest therein, because they are entitled to the whole of the proceeds derived from the property devised to them, subject only to such charges, debts, and costs of administration as could be enforced against the land itself. We find the authority for this construction stated thus in 31 Cyc. 1049:

''The mere fact that the donor of a power makes other disposition of, or provisions as to, the subject-matter does not necessarily affect the power; but the instrument will be so construed, if possible, as to reconcile the inconsistency and give effect to all of its provisions. Power given by will to an executor to sell all or any portion of the residuary real estate is not affected by the devise of such residuary share, for the devise is to be construed as subject to the power of sale. Nor is a power of sale in executors necessarily inconsistent with a specific devise in fee.''

Or, as stated in Page on Wills, p. 825:

''Where an express power of sale is given, but the purpose for which it is to be used is not specified, it is held to be a power of sale in order to pay the proceeds to the devisees in lieu of the devise, and, therefore, such a power of sale is not repugnant to the devise of the property in fee.''

We are of opinion that appellees tendered to appellant a good title to the farm, and that he was not justified in refusing to accept it.

Judgment affirmed.