## Robertson's Guardian, et al. v. Robertson.

(Decided June 4, 1926.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Deeds.—In arriving at correct interpretation of deed, intention of parties will be administered according to language of instrument.
2. Deeds.—Conveyance of life estate with remainder over, but with power in life tenant to sell and convey, is valid.
3. Deeds—Under Statute Abolishing Rule in Shelley's Case, Deed of Land in Fee Simple to Joint Grantees with Remainder Over, with Right of Grantees to Affect Their Interest Only, Created Life Interest in Grantees, with Power in Grantees or Their Survivor to Sell Their Respective Shares (Ky. Stats., Section 2345).—Deed of one-half interest in land to each spouse in fee simple, to be used jointly for and during their natural lives, with remainder over upon death of either to his or her respective heirs in fee simple, and providing that they during their joint lives or either as sur-

vivor, might execute deed affecting his or her interest only, held to create life interest in immediate grantees, with power to sell and convey their respective halves during their joint lives, and survivor having power to sell or convey his or her share, in view of Ky. Stats., section 2345, abolishing the rule in Shelley's case.

L. F. SPECKMAN and L. D. GREENE for appellants.

JOSEPH M. MAYSE for appellees.

Opinion of the Court by Chief Justice Thomas—Affirming.

On April 18, 1925, Mary S. Palmore executed and delivered a deed to B. B. Robertson and his wife, Betty V. Robertson, conveying to them an interest in a described parcel of land in Jefferson county, Kentucky. After reciting the consideration, which was a substantial one, the deed in its conveying clause said: "The party of the first part does hereby bargain, sell grant, transfer and convey unto Betty V. Robertson, and B. B. Robertson and each of them severally a one-half interest in and to the hereinafter described property in fee simple with covenant of general warranty to be used by them jointly for and during their natural lives, and at the death of either of them his or her respective one-half interest to vest in his or her respective heirs at law absolutely in fee simple without the right of dower or curtesy to the other or survivor of them, and it being further agreed that said second parties during their joint lives, or the survivor of them, may execute a deed of conveyance, release, lease or mortgage, of and to said property, affecting his or her one-half interest therein only, this deed of conveyance being delivered and accepted subject to all the provisions and covenants herein contained."

On April 8, 1926, B. B. Robertson and wife entered into a written contract for the sale of the property to W. L. Byrd and wife, Millie A. Byrd, for the consideration of $8,000.00. They later executed and tendered to their executory vendees a warranty deed to the property which the latter declined to accept because, as they construed it, the Palmore deed to grantors did not convey a fee simple title to them, nor did it vest them with power to sell and convey to the vendees the absolute title for which they contracted. This declaratory judgment proceeding was filed in the Jefferson circuit court, and in it all living heirs of Robertson and wife, as well as the

Byrds and Mrs. Palmore, were made parties, and upon submission the court adjudged that Robertson and wife each have and hold a one-half undivided life interest in the property "to be used by them jointly for their natural lives, and at the death of either of them his or her respective half interest shall vest in his or her respective heirs at law absolutely in fee simple without the right of dower or curtesy to the other or survivor of them, and it is further adjudged and declared that the said B. B. Robertson and Betty V. Robertson have the right during their joint lives or the survivor of them to execute a deed of conveyance, release, lease or mortgage of said property conveying the fee simple title to said property without the consent of their heirs at law. . . . It is further adjudged and declared that the cross-defendants, W. L. Byrd and M. A. Byrd, accept a deed from the said B. B. Robertson and Betty V. Robertson conveying the fee simple title to the property described herein." To that judgment plaintiffs in the cause (who were the heirs of both Robertson and wife, they each having had children by a former marriage and two of whom sued by their statutory guardian) and Byrd and wife objected and excepted, and prosecuted this appeal.

It will at once be seen that the question for determination is the correct interpretation of the Palmore deed, and in arriving at it the firmly settled rule is to administer the intention of the parties according to the language they employed in the instrument to be construed, which in this case is the deed from Palmore. But for the words "in fee simple with covenant of general warranty" immediately following the names of the grantees in the deed there would not be the slightest trouble in the performance of our task, since the language without equivocation, with the quoted words eliminated, clearly conveys to B. B. Robertson and wife a life estate in each of them to a one-half undivided interest in the property with the right and power for each of them to sell and convey their respective one-half interest at any time during their lives and with the same right in the survivor to convey his or her half interest absolutely after the death of the other; and that neither of the spouses shall take any interest in the half of the other by way of curtesy, dower or otherwise upon the death of one of them.

But the last quotation above from the deed is immediately followed without any separating punctua-

tion by these words: "To be used by them jointly for and during their natural lives," which, to our minds, plainly contains and expresses the intention on the part of the vendor to confine and limit the apparently absolute estate conveyed to Robertson and wife to only a life in-. terest in each of them, with power of sale of their respective halves, and which is nothing more nor less than the conveyance of a life interest with remainder over but with power in the life tenant to sell and convey, and which under numerous decisions of this court it is competent to provide and stipulate. The language of the deed here involved brings it within the common law rule known as "The rule in Shelley's case," but which is neither a rule of construction nor one of property in this Commonwealth. Indeed, section 2345 of our statutes expressly abolishes it by enacting: "If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants." It is, therefore, clear, we repeat, that the two Robertsons took under the Palmore deed only a life estate in their undivided halves of the whole of the land conveyed, with remainder to their respective heirs in such halves, but with the power to sell and convey their respective halves during their joint lives and with the same power in the survivor to so convey his half after the other's death.

The two comparatively recent cases of Spicer v. Spicer, 177 Ky. 400, and Stofer v. Stiltz, 179 Ky. 399, support and sustain the above expressed views. The court, however, in its judgment as rendered, in determining the right of the life tenants to sell the property, said: "And it is further adjudged and declared that the said B. B. Robertson and Betty V. Robertson have the right during their joint lives, *or the survivor of them,* to execute a deed of conveyance," etc. The italicised words would seem to hold that the survivor would have the right to sell the *whole* of the tract at any time before his death which, we think, was error, but it can not affect the merits of this case, since the sale to Byrd and wife here involved is made and executed by both of them and there is in no way involved the question of the right of the survivor alone to sell and convey the whole of the tract. As to who owns, and in what proportion, the pro-

ceeds of the sale or the income therefrom, and as to what disposition shall be made of it, are questions not presented by this record, and of course, we express no opinion upon them.

Wherefore, the judgment, with the indicated modification which the court is directed to make, is affirmed.