## Wilham's Guardian et al. v. Ferrell's Ex'x.

May 27, 1941.

C. E. Rankin for appellants.

I. C. James for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The question involved on this appeal is the construction of the will of Bell Hiatt Ferrell, who died January 7, 1941, a resident of Mercer county. The pertinent portions of the will read:

''First, I desire that all my just debts be paid out of my estate, and that inexpensive markers be

paid for out of the same for the grave of A. M. Ferrell, my grave, the graves of Margaret Hiatt and Mary Hiatt. The latter beneficiaries being nieces who were living with us at the time of their deaths.

"Secondly, I desire that the remainder of my estate after the aforesaid bequests are satisfied shall go to my niece, Jewell Hiatt Wilham and her little son, Billy, equally and in fee simple and absolute right.

"Thirdly. I appoint my niece Jewell Hiatt Wilham the executrix of this my last will and testament, and I hereby give her the power to convey all property owned by me at my death, and to give as good title to the same as I could if living. I desire that the Court qualifying her permit her to qualify without bond."

The testatrix owned at the time of her death personal property worth $140.64, and a house and lot in Harrodsburg, Kentucky, worth $2,250. Her debts, funeral expenses, and the reasonable cost of the markers referred to in the will amount to $758.82. This amount does not include the cost of administration. The personal property being insufficient to pay the indebtedness and it being necessary to sell the real estate, Jewell Hiatt Wilham, executrix of the will of Bell Hiatt Ferrell, brought this action against Billy Wilham, an infant under fourteen years of age, and Oliver Wilham, his guardian, for a declaration of the rights of the parties, and asked that the court adjudge that she, as executrix, has the full and complete power and authority to sell and convey and make good title to the property passing under the will. The court adjudged that she had such power and authority under the will, and the defendants have appealed.

It is appellants' contention that the testatrix, after devising the real estate in fee simple, could not in a later clause empower the executrix to sell it. Some stress is placed on the concluding words in the second clause, "and absolute right." These words are surplusage, and add nothing to the estate theretofore created. The power of sale conferred upon the executrix in clause 3 is not repugnant to the devise of the property in fee. The precise question was presented in Stofer v. Stiltz, 179 Ky. 399, 200 S. W. 631, and what was said there is

applicable here. In the Stofer case the testatrix devised her real estate in fee to named devisees. In the last clause of her will she named an executor and gave him power to sell her real estate and execute deeds therefor. It was argued that this clause was inconsistent with and repugnant to the clause by which the real estate was devised absolutely in fee and therefore invalid, since it would limit or diminish the fee devised. In overruling this contention this court held that the two clauses of the will were not inconsistent, but that the devisees took the land in fee subject to the power of sale given to the executor by the last clause, and that the power of sale was not a limitation upon the fee but was a condition attached to it.

Upon the authority of Stofer v. Stiltz, supra, the judgment must be and it is affirmed.