THE STATE OF DELAWARE, for the use of Rose Skinner, v. LOUIS L. REDDING and LEWIS A. REDDING.

(*November* 8, 1945.)

RODNEY, J., sitting.

*David S. Keil* for plaintiff.

*Morris Cohen* for defendants.

Superior Court for New Castle County, Summons Debt, No. 59, March Term, 1945.

RODNEY, J., delivering the opinion of the Court:

It is somewhat difficult to precisely grasp the exact theory upon which the present action is based. It is an action of debt brought against an executor and his surety on the administration bond. The gravamen of the action is an alleged tort of the executor in making an allegedly unlawful sale of the specifically devised property prior to the sale of real estate not specifically devised (and therefore before the necessity of the sale of the specifically devised real estate could be ascertained), whereby the use plaintiff was deprived of the benefit of the devise to her. Ordinarily, a decedent's estate, or the surety on a bond given therein, is not liable for torts committed by an executor. Such torts are ordinarily considered as the torts of an executor as an individual, and not such an action as would render the estate, itself, liable. Some cases hold, however, that property or money received and treated as assets of the estate by reason of the tortious acts of the representative, may be reached by

the injured person. See cases collected in *Ewing v. Wm. L. Foley,* 115 *Tex.* 222, 280 *S. W.* 499, 44 *A. L. R.* 637.

The foregoing principle, however, has no application to this case. This is not an action for money had and received by the executor for the use of the plaintiff. It is not an action framed upon the ratification of an unlawful sale and seeking to recover the purchase price of such sale. The differences between the two theories are shown in *Simpson v. Snyder, Adm'r,* 54 *Iowa* 557, 6 *N.W.* 730, and in *Von Schmidt v. Bourn,* 50 *Cal.* 616.

The declaration in the present case, as indicated, recites the condition of the bond and the consequent liability of the surety was that the executor should "well and faithfully administer according to law all the goods and chattels, rights & credits of the deceased."

Many authorities collected in *Re Jackson's Estate,* 217 *Iowa* 1046, 252 *N. W.* 775, 91 *A. L. R.* 943, hold that under such a bond the liability of a surety is confined by the language of the bond to the "goods and chattels, rights and credits," and does not extend to the proceeds of the sale of real estate generally authorized by the will to be sold. See *State,* to use of *Brown v. Brown,* 2 *Del.* (2 *Harr.*) 5; *Davis v. Rawlins,* 3 *Del.* (3 *Harr.*) 346; *State, to use of Giles v. Waples,* 5 *Del.* (5 *Harr.*) 257.

In the present case there was no general power of sale of real estate and the executor had only power to sell real estate for the payment of debts. For such purpose he could sell all or any of the property.

In *Re Sutton's Estate,* 11 *Del. Ch.* 460, 97 *A.* 624, it was held that for the payment of debts the Orphans' Court would require the executor to sell real estate passing under the residuary clause of the will prior to the sale of real estate specifically devised by such will, and that if the sale

of such residuary real estate resulted in a fund sufficient for the payment of the debts, that then such real estate specifically devised could not be sold.

The executor places reliance upon the terms of the will that the executor was empowered to sell "any or all of my property" for the payment of debts, and in case of such sale the executor draws particular attention to the language of Item 4, as set out in the statement of facts.

From this the defendant reasons that as executor he had both power and right to sell the specifically devised property before subjecting the residuary estate to the payment of debts. For this he cites *Bacot v. Wetmore,* 17 *N. J. Eq.* 250, *Butts v. Jammes,* 68 *Fla.* 231, 66 *So.* 1004, and *Stofer v. Stiltz,* 179 *Ky.* 399, 200 *S. W.* 631. I think these cases not precisely pertinent to the present question. In *Bacot v. Wetmore,* the sole question was as to whether the power of sale was operative on a particular property. No question whatever was raised as to the respective priority of sale between specifically devised property and residuary estate. In *Butts v. Jammes,* and *Stofer v. Stiltz,* the only question was as to the extent of a general power of sale to settle and divide an estate. In the present case no such question arises, for the power of sale was not a general one, but is expressly confined to the payment of debts.

I think the executor under the terms of the will had no authority to exercise his own volition and to change the order of liability of real estate for the payment of debts, and effectually defeat the specific devise and leave the residuary devise intact. It is difficult to see that the executor in this case would operate under a rule different from that which would have been adopted by the Orphans' Court in case the will of Amelia Cooper had not contained an express power of sale in the executor, for the payment of debts. The posing of one question would seem determinative of his

power. Suppose the executor had entered into a written contract of sale of the specifically devised property, prior to the sale of the residuary property, and had refused to perform his contract. Could the vendee by specific performance in the Court of Equity have compelled the conveyance? The answer, I think, is that such conveyance would not have been ordered. It is apparent that I am passing upon no situation where the specific devisee had ratified or confirmed an unauthorized sale, and merely sought to recover the purchase price obtained by the executor. No such question is here presented.

The present declaration alleges the sale as an unlawful one, and avers the damage to the plaintiff in her possession and in the benefit of the devise made to her. If the sale was an unlawful one, and if the plaintiff has not and does not ratify or confirm such sale, then such sale is an ineffective one as against the plaintiff, and her rights, if seasonably asserted, are not affected. *Forbes v. Keyes,* 193 *Mass.* 38, 78 *N. E.* 733; and see *Board of Education v. Day,* 128 *Ga.* 156, 57 *S. E.* 359.

A recovery in the present action for the tort of the executor would leave untouched the validity of the sale and all matters arising therefrom, and, from the theory of the declaration, would sustain damages for what may be termed the placing of an allegedly ineffective cloud upon the title of the plaintiff to the property.

The demurrer to the declaration will be sustained.