In the Matter of the ESTATE of Hattie SCHIELD, Deceased.

Inez SCHIELD, Appellant,

v.

Lawrence SCHIELD, Melda Irene Schield and Farmers Savings Bank, Executor, Appellees.

No. 64578.

Supreme Court of Iowa.

Jan. 14, 1981.

Rehearing Denied Feb. 17, 1981.

John W. Pieters, Waterloo, for appellant.

James D. Robertson, Marshalltown, for appellee Lawrence Schield.

Alfredo Parrish and Linda Del Gallo of Parish & Del Gallo, Des Moines, for appellee Melda Irene Schield.

T. J. Heronimus, Grundy Center, for appellee Farmers Sav. Bank.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and McGIVERIN, JJ.

McGIVERIN, Justice.

In this appeal Inez Schield challenges the district court's order requiring completion of the sale of a farm from the estate of Hattie Schield to Lawrence Schield. We affirm.

This appeal is one of several that have arisen out of the estate of Hattie Schield. Hattie died testate in 1972. Her children, and beneficiaries under her 1963 will, are Lawrence, Inez and Melda Irene Schield.

The will granted an option to Lawrence and Inez to purchase a 160-acre farm for $52,000, substantially below market value. According to the will, for the first seven months after it was admitted to probate Lawrence and Inez were to be offered the farm as joint purchasers. The will was admitted to probate on July 14, 1977, and on August 1, 1977, Inez filed her election to exercise the option. Lawrence, however, elected on February 10, 1978, to decline to purchase the farm jointly with Inez. Under the will, if Lawrence and Inez failed to purchase the farm jointly, it then was to be offered to Lawrence alone. On February 21, 1978, Lawrence exercised this second option to purchase the farm by himself by depositing a check for $52,000 with the executor. However, the property was not immediately conveyed to him.

On February 24, 1978, Inez filed a declaratory judgment action claiming that the will was ambiguous because it did not cover the situation where Inez elects to exercise the option to purchase the farm jointly with Lawrence but Lawrence refuses. In response to Lawrence's application for adjudication of law points, the district court ruled on August 20, 1979, that the will was unambiguous. The court decided that since Inez and Lawrence did not jointly exercise the first option, Lawrence had the option to purchase the farm alone, which he did.

After this favorable ruling, Lawrence applied on October 22, 1979, for a court order to complete the sale of the farm to him. Inez resisted because she had filed a notice of appeal to this court from the final order after the adjudication of law points. That appeal was dismissed because the notice of appeal was not timely filed.

While Lawrence's request to complete the sale was pending, Inez filed a suit for damages against the executor, as executor for the estate and individually, claiming that a dead tree limb on the farm fell and broke her leg. The incident occurred on April 29, 1979, and the petition was filed on January 11, 1980.

After hearing, the court on January 31, 1980, ordered completion of the sale of the farm to Lawrence. Inez claims that this was error and has appealed to us.

The following questions are presented for our consideration:

(1) Did the trial court err in ordering completion of the sale of real estate after an adjudication of law points where the losing party's motion to render final judgment was still pending?

(2) Where a personal injury action is pending against the executor, as executor and individually, for injuries suffered on estate property, did the court err in ordering the sale of land to an optionee at below market value?

I. *Pendency of declaratory judgment action.* Inez claims that the district court's order to complete the sale of the farm to Lawrence was improper because her declaratory judgment action was still pending.

Whether Lawrence had properly exercised a valid option to purchase the farm by himself did not involve any disputed issues of fact. Therefore, the declaratory judgment action could be disposed of by the ruling on the application for adjudication of law points. *Woodburn v. Northwestern Bell Telephone Co.*, 275 N.W.2d 403, 406 (Iowa 1979). The court's adjudication of law points disposed of all the issues in the declaratory judgment action and therefore finally determined the rights of the parties.

■ Where a ruling on an application to adjudicate law points under Iowa R.Civ.P. 105 disposes of the entire case, it is an appealable final order. *Andersen Construction Co. v. National Bank*, 262 N.W.2d 563, 564 (Iowa 1978). The appeal from the adjudication of law points in this case has been dismissed. That adjudication was final and the "law of the case." *Avoca State Bank v. Merchants Mutual Bonding Co.*, 251 N.W.2d 533, 539 (Iowa 1977).

■ After losing the adjudication of law points in her declaratory judgment action and having the appeal from that final order dismissed, Inez now claims that the court order of January 31, 1980, requiring the sale to be completed was premature because her declaratory judgment action was still pending. Specifically, she had filed a motion to render final judgment. We conclude that such a motion was unnecessary. Where a court's adjudication of law points disposes of the case and the appeal from that final order is dismissed, there is no room to assert that the action is still pending. *See Weik v. Ace Rents, Inc.*, 249 Iowa 510, 513, 87 N.W.2d 314, 317 (1958). Rule 105 requires the trial court, after adjudicating law points, to enter an appropriate final order. The appeal from the final order in this case was dismissed. There was nothing further for the trial court to do after disposing of the entire case by the adjudication of law points.

Inez' declaratory judgment action was not pending and therefore the trial court order to complete the sale of the real estate was not premature.

II. *Inez' tort claim.* Inez also claims that the court order to complete the sale of the farm to Lawrence was error because she has filed a tort suit against the executor as executor and individually. She says that the land, or proceeds representing its fair market value, should remain in the estate to satisfy any judgment she might recover. We find no error in the order to complete the sale to Lawrence.

■ Inez assumes that if the executor is liable to her, she may reach the estate's assets to satisfy her judgment. The weight of authority in Iowa and other jurisdictions indicates that the estate would not be liable for the negligent acts of the executor toward a third person in the course of administering the estate. *Herd v. Herd*, 71 Iowa 497, 498, 32 N.W. 469, 469 (1887); *Simpson v. Snyder*, 54 Iowa 557, 558, 6 N.W. 730, 731 (1880); Annot. 82 A.L.R.3d 892 (1978). *Contra, Vance v. Estate of Myers*, 494 P.2d 816, 82 A.L.R.3d 883 (Alaska 1972). It is unnecessary to decide if and when an estate may be liable for torts committed by an executor, because even if the estate were liable, the court-ordered sale was proper.

■ After upholding the validity of the exercise of the option, the trial court concluded that even if Inez recovered in her tort suit and even if the estate could be held liable, the $52,000 proceeds are "the extent to which said real estate could be reached to satisfy any subsequent judgment." We agree with the court that under these circumstances, the $52,000 stood in place of the real estate.

In this case, the injury to Inez occurred after Lawrence had exercised his option to buy the farm for $52,000 in 1978. Although litigation prevented completion of the sale, Lawrence had deposited the $52,000 with the executor. If Lawrence had a valid option contract to buy this land from another individual, and he exercised it in the manner intended by the parties, he could have petitioned a court in equity to decree specific performance. *See Lyon v. Willie*, 288 N.W.2d 884 (Iowa 1980); *Cataldo v. Compiano*, 247 Iowa 999, 76 N.W.2d 214 (Iowa 1956); R. Hillman, *Contract Remedies, Eq-*

*uity, and Restitution in Iowa* § 7.3 (1979). Lawrence was entitled to the land, which could not be reached to satisfy Inez' 1979 tort claim.

Finally, we cannot conclude that the district court has erroneously prejudiced any claim Inez may have against the estate. We have stated before that asserted liability against a decedent for torts committed by the decedent is a claim against the estate. *Wolder v. Rahm*, 249 N.W.2d 630, 632 (Iowa 1977). Similarly, a tort suit against the executor would be a claim against the estate, assuming the estate would be liable. Where there are contingent claims against the estate, our probate code gives the court several options to provide for payment of the claim. § 633.424, The Code. To prevent prejudicing any claim Inez might have against the estate, the court stated that before ordering distribution of the estate assets, it would "determine whether or not a distribution . . . might serve to prejudice any rights of Inez Schield . . . ."

We have considered all contentions of Inez, whether specifically addressed, and find them without merit. We therefore affirm the trial court order to complete the sale of the real estate to Lawrence.

AFFIRMED.