W. MABRY and others v. N. STAFFORD, Executor.

## *Wills—Parties.*

1. A legacy to one deceased at the time the will was made, like lapsed legacies, goes to the residuary legatee, whenever it appears from the words of the will that the testator has not expressed a different intention.

2. The trustee of the residuary legatee is not a necessary party to an action, brought by the next of kin against the executor, to recover a sum bequeathed to one deceased, though the same may have been paid to the trustee by the executor.

(*Taylor* v. *Lucas,* 4 Hawks, 215; *Sorrey* v. *Bright,* 1 Dev. & Bat. Eq., 113; *Jones* v. *Perry,* 3 Ired. Eq., 200; *Lea* v. *Brown,* 3 Jones' Eq., 141; *Graves* v. *Howard, Ib.,* 302; *Coley* v. *Ballance,* 1 Winst. Eq., 89, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of ALAMANCE Superior Court, before *Gilmer,* J.

John Crawford died, leaving a will which bears date October 19th, 1874, and has since been admitted to probate, containing the following clauses:

"Item 5.  I give and bequeath to my three nephews, John, Willis and Randall Mabry, four hundred dollars each, to them and their heirs forever."

"Item 8.  I give and bequeath the balance of my estate, if there should be any surplus after my executor pays all the legacies heretofore willed, and all my just debts, my burial and funeral expenses, &c., the balance I will to the Methodist Protestant Church at Bethel, in Alamance county, North Carolina, to be used as the trustee of said church may deem best."

The complaint states that the legatee, John Mabry, was dead when the testator made his will, and the purpose of the present action, instituted by the plaintiffs, who claim to be the next of kin of the testator, is to recover the sum so given to the deceased legatee, as intestate and undisposed of property.

The answer alleges a full settlement of the estate, and a payment over of this money to the trustee of said church, except the sum of $91.76, for which the executor gave his note, and on this the trustee has sued and recovered judgment, and this payment was made after one Palsy Kater, a sister of the testator, had relinquished her claim on the fund to the trustee.

Among other defences, the answer (assuming its averments to be true) insists that the trustee of the church is a necessary party to the action, in order to a final adjustment of the controversy as to the fund.

Upon this state of the pleadings the defendant's counsel moved the court for an order requiring that he be made a party, and from the denial of the motion the appeal is taken to this court.

No counsel for plaintiffs.
*Mr. J. W. Graham*, for defendant.

SMITH, C. J., after stating the facts.  Without adverting to the irregularity of making such a motion in the absence of any evidence of the fact on which it is predicated, except in the

unverified allegation contained in the defendant's answer, and accepting the statement as true that the entire fund has been accounted for and paid over to the residuary legatee, we approve of the ruling of His Honor in refusing the motion.

The residuary legatee having received the money bequeathed, and the executor having voluntarily paid over the same in recognition of his legal right thereto, the trustee has no interest in the controversy between the parties to this suit, which is to decide whether it belongs to the next of kin or to the residuary legatee. If the fund passes into and constitutes a part of the residuum, or, in the testator's own language, the "balance" of his estate, the plaintiffs, not being entitled thereto, must fail in their action. If it is to be considered as intestate property and goes to the next of kin, the authorized payment by the executor to the trustee, will be no defence to him against the rightful demand of the plaintiffs. Whether in such case the executor can retain the money from the trustee, or has an equity for re-imbursement, is a matter between them only, and should not be allowed to interfere with or delay the plaintiffs in prosecuting their remedy against the former.

While the appeal is thus disposed of, and with a view of facilitating the settlement of the action without further needless expense, we feel at liberty to announce the conclusions to which our examination has led in respect to the ownership of the legacy.

The authorities, we think, show that this, like legacies lapsing by the death of the legatee after the making of the will and during the testator's life-time, passes into the residuary fund, there being apt words to embrace it, and belongs to the residuary legatee. This rule of construction is fully supported by the adjudications in this court. *Taylor* v. *Lucas,* 4 Hawks, 215; *Sorrey* v. *Bright,* 1 Dev. & Bat. Eq., 113; *Jones* v. *Perry,* 3 Ired. Eq., 200; *Lea* v. *Brown,* 3 Jones' Eq., 141; *Graves* v. *Howard, Ibid,* 302; *Coley* v. *Ballance,* 1 Winst. Eq., 89. The exception is when, from other provisions of the will, it is appa-

rent the testator did not so intend.   There is nothing in this to modify the general rule.

There is no error, and this will be certified.

No error.                                                   Affirmed.