# CASES

## IN THE

# ORPHANS' COURT

In the matter of the Estate of JAMES F. SUTTON, deceased.

*New Castle, Jan. 4, 1916.*

The specific and residuary devisees under a will are each entitled to have the personal property applied to the payment of mortgages on the property devised, and a general direction in the will for the payment of testator's debts is immaterial.

Among specific devisees, all must contribute *pro rata*, for the payment of the debts of the decedent.

At common law, all devises of land were deemed to be "specific" whether the land was identified in the devise or passed under the residuary clause; the reason being that testator could only devise what he had at the time of making his will, and that by specific mention of some land he inferentially identified the other land which passed under the residuary clause.

Testator, who at the date of his will and at his death owned seven parcels of land each incumbered by a mortgage made by him, directed his executors to pay his debts, and gave specifically two parcels to one for life with remainder over, and gave specifically another lot to a devisee, and all the residue to the first remainderman, and, in addition to the mortgage debts, left general unsecured debts, and comparatively no personal property. His executors petitioned to sell land to pay his debts, which the devisee of the single lot opposed. *Held*, in view of the statute making a will speak from the death of a testator, that the gift under the residuary clause was general and not specific; there being no distinction between real and personal property as affected by the residuary clause.

Under a statute providing if any devisee contributes his proportional part toward the payment of the decedent's outstanding debts, no order shall be made for the sale of the premises so given to such devisee, where land specifically devised is sold for the payment of the debts of decedent,

and the proceeds of such sale are more than the devisee's just proportion of the land toward the payment of such debts, he may compel contribution from the owner of other land of the decedent.

Testator, owning seven parcels of realty each of which was incumbered by a mortgage, directed his executors to pay his debts, specifically devised two parcels to one for life with remainder over, another parcel to a person named, and devised all the rest and residue of his estate to the remainderman, leaving general unsecured debts and practically no personalty. *Held*, that, on the executors' petition to sell land to pay debts, the parcels devised under the general residuary clause should be sold first; that, if the proceeds were insufficient to pay all the debts, the other parcels could not be sold; that the devisees would hold them clear; and that, if the proceeds of the residuary estate were insufficient, the parcels specifically devised would be ordered sold.

Petition of Executors to Sell Land of Decedent to Pay His Debts. The executors of James F. Sutton filed a petition for the sale of lands of the testator for the payment of his debts, the personal estate being insufficient for the purpose. The testator at the date of the will and at his death owned seven parcels of real estate, each of which was encumbered by a mortgage made by him. By his will the testator directed his executors to pay his debts, gave specifically two parcels for life to one now dead and at her death to Daisey E. Christy; then gave specifically one other lot to Carrie S. Sharpe; made several specific bequests of personal property of very small value; and all the residue and remainder of his estate he gave to Daisey E. Christy. Under this residuary clause four parcels passed to the residuary devisees. In addition to the mortgage debts, there were general unsecured debts of the decedent and the personal property was very small actually and relatively in proportion to the debts.

An answer has been filed by the devisee, Carrie S. Sharpe, claiming that the three parcels specifically devised should be exonerated and discharged from the payment of debts until all the property affected by the residuary clause had been so applied.

On the other hand it was claimed that the real estate which passed under the residuary clause was specific, and that the

devisees of all seven houses should contribute ratably to the payment of the debts of the testator.

CURTIS, P. J., sitting.

*David J. Reinhardt*, for the executors.
*William W. Knowles*, for Carrie S. Sharpe.

CURTIS, P. J. In this case the personal property of the deceased was so insignificant in amount and in proportion to the debts of the decedent that it may be ignored. So also the existence of specific bequests will be ignored, because the value of the property so bequeathed is small.

The questions arise, then, between specific devisees and residuary devisees. Each of the seven parcels of real estate owned by the testator at the time of his death was incumbered by a separate mortgage made by him. It will be assumed, as stated by counsel, that the testator owned all of the seven parcels at the time of the making of the will, though this fact does not appear of record. In addition to the mortgage debts there are general unsecured debts of the decedent. There were no general legacies and the personal property specifically devised was of very small value. Of course, the devisees are each entitled to have the personal estate applied to the payment of the mortgage on the property devised (*Cooch's Ex'r v. Cooch's Adm'r*, 5 *Houst.* 540, 563, 1 *Am. St. Rep.* 161); but the smallness of the personal estate makes this unimportant. It is also fairly deducible from that case, that the general direction in the will for the payment of the testator's debts has no bearing on the questions here raised. In England when the property of a decedent was not liable for the payment of all his debts, but only specialty debts, a direction to pay debts had an effect which does not have in this country generally, and in this State, where all the decedent's property is liable for his debts.

The questions raised are these: (1) Shall the residuary real estate be first resorted to by sale for the payment of the debts of the decedent before selling the real estate specifically

devised? (2) If there be need to sell the several parcels of land specifically devised, in what order shall they be sold?

A solution of the first question depends upon whether the lands affected by the residuary clause are specific or general, for among specific devises all must contribute *pro rata*, *i. e.*, in proportion to their value. *Livingston v. Livingston*, 3 *Johns. Ch.* (*N. Y.*) 148, 158; *Farnum v. Bascom*, 122 *Mass.* 282, 287; *Floyd v. Floyd*, 29 *S. C.* 102, 7 *S. E.* 42; *Kelly v. Richardson*, 100 *Ala.* ·584, 13 *South.* 785 (1892). Turning to the Delaware cases, it has been held that where there are general legacies and a general residuary gift of "the balance of my estate, if any there be," all the property, real and personal, which passed under the residuary clause is liable to be taken for the payment of debts and general legacies, for the beneficiaries of the residue take nothing but what remains after the payment of the debts and legacies. *Hilford v. Way*, (1830) 1 *Del. Ch.* 342; *Rambo v. Rumer*, (1866) 4 *Del. Ch.* 9. These cases probably do not establish the general proposition that where there are no general legacies, *i. e.*, pecuniary legacies, real estate which passed under a gift of a testator of all the rest, residue and remainder of his estate is general. In the former case Chancellor Johns, Sr., clearly gave significance to the words "if there be," as indicating an intention of making all his property, real and personal, which passed under his will liable for debts and general legacies. Chancellor Bates in the later case of *Rambo v. Rumer*, in which the former one was not cited or considered, so far as appears in the report, used broader language. In that case there were general pecuniary legacies, and then the will provided: "as to the balance of my estate, if any there be, I give and bequeath," etc. The learned Chancellor charged the legacies on the real estate, saying:

"The effect of the devise of 'all the balance of my estate' is to make the whole estate, real and personal, an entire fund for all the purposes of the will, debts and legacies, until the payment of which the residuary devisees take nothing. There being no specific devise of real estate, the term 'all the balance' can have no application but to what remains after paying the debts and legacies."

This language should be considered, however, as used respecting the words of the will, which were "the balance of my estate, if there be any" and not simply "the balance of my estate." The words "if there be any" must be given a meaning and treated as showing more strongly an intention to charge general legacies on all property not specifically given. The questions involved in the case under consideration were not discussed, or decided, and the general language used by Chancellor Bates should not be taken as applicable to them, but rather to the words of the will and the facts of that case. It may be said that the words "balance of my estate, if any there be" is not different in effect from a gift of the "rest, residue and remainder of my estate." But this is not clear and it is wiser to treat the Delaware cases as inapplicable to the case under consideration. There are, therefore, no Delaware decisions determining the questions here raised.

The case of *Cooch's Exr., v. Cooch's Adm'r*, 5 *Del. Ch.* 161, affirmed in 5 *Houst.* 540, 1 *Am. St. Rep.* 161, is not helpful on the precise points here involved, for the case simply holds that a gift of "all my personal property" is not a specific but a general bequest, and the property affected by it was liable for the payment of debts before the real estate could be resorted to. Neither is the case of *Getchell v. Rust*, 8 *Del. Ch.* 284, 291, 68 *Atl.* 404, helpful here.

At common law all devises of land were deemed to be specific, whether the land be identified in the devise, or pass under the residuary clause. The reason frequently assigned is that the testator could only devise what he had at the time of making his will and by specific mention of some land inferentially identified the other land which passed under a residuary clause.

"Every devise of land, whether in particular or general terms, must of necessity be specific from this circumstance; that a man can devise only what he has at the time of devising. * * * But it is quite different as to personal estate." *Howe v. Earl of Dartmouth*, 7 *Ves. Jr.*, 137, 147, and *Milne v. Slater*, 8 *Ves. Jr.* 295, 305.

For example, if a testator owning tracts A., B., C. and D. should specifically devise A. and B. to X. and make a residuary

devise to Y., the gift so made of C. and D. would be as specific as .that of A. and B: for presumably the testator had in mind what property he had and what would pass under the residuary clause. Where, however, by statute, as in Delaware, the will speaks from the death of the testator, and lands acquired by a testator after the making of his will pass thereby in a manner as if possessed at the time of the making of the will, unless a contrary intention appears, then the reason above stated no longer exists. *Revised Code, c.* 84, § 25, *p.* 640; *Revised Statutes of* 1915, *c.* 93, §6, *par.* 3244.

There are two distinct views in England and the United States respecting the effect of such statutes, which exist generally. Judge Redfield, after stating the rule that all devises of real estate are necessarily specific, adds:

"But this only extends to the case of countries where the testator can only dispose by will of such real estate as he is seized of at the date of his will, and not where, as by the recent English statute, and those of most of the American States, one may dispose of all his real estate at the time of his decease, although acquired subsequent to the date of the will. In such cases the residuary clause in the will operating upon subsequently acquired land, no devise of real estate will be regarded as specific unless it contain a description of the estate sufficient to enable the devisee to identify the same." *Redfield on Wills, pt.* 2, 870, *note* 35.

In the case of *Estate of Woodworth*, 31 *Cal.* 595, 614 (1867), in quoting this language, the court said:

"He cites no authority, but obviously this must be so, when we consider the definition of specific devises already given."

To the same effect, see *Blaney v. Blaney*, 1 *Cush. (Mass.)* 107; *Hays v. Jackson*, 6 *Mass.* 149; *Anderson v. Anderson*, 4 *Stew.* (31 *N. J. Eq.*) 560.

In *Anderson v. Anderson*, it was said:

"Every specific devise, by its very nature and form, plainly shows that the testator means that the devisee shall have the land given free from liability to contribute to charges not fastened upon it, while the form of the other [a residuary gift] indicates, with equal clearness, that the testator means the devisee shall have only what may be left after the first devisee

has received his gift; that he shall receive something which is uncertain or unknown, and cannot be described with  *  * · *  precision."

There are other and more numerous authorities which still hold to the common law rule, even where there are statutes such as that in Delaware above referred to, and generally they modify the rule as to property acquired after the making of the will. The leading case is probably *Kelly v. Richardson*, 100 *Ala.* 584, 13 *South.* 785 (1892). See, also, *Floyd v. Floyd*, 29 *S. C.* 102, 7 *S. E.* 42; *Rice v. Rice*, (Iowa, 1909) 119 *N. W.* 714; *Henderson v. Green*, 34 *Iowa*, 437, 11 *Am. Rep.* 149; 40 *Cyc. p.* 1878, citing numerous cases. ·

In England the decisions on the effect of such a statute varied until in *Hensman v. Fryer*, *L. R. 3 Ch. App. Cas.* 420, Chancellor Chelmsford settled the question in England by holding that a residuary devise of land is as specific even after the Wills Act as it was before. This decision is evidently the law in England, for it has been followed in later cases. See 6 *Mew's English Digest, p.* 1446, for the cases on both sides, the cases cited contra having been decided before the decision of Lord Chelmsford. The matter is well stated in the case of *Gibbins v. Eyden*, (1869) *L. R. 7 Eq. Cas.* 371. In that case the owner of two estates subject to the same mortgage specifically devised one of them and left the other to pass under the residuary clause. The residuary devise was held to be specific and that the two estates must bear the mortgage debt together. Vice Chancellor Malins said that unquestionably before the Wills Act every devise of land whether given by name, or passing by a residuary devise, was specific, because the will spoke from the time of making the will and not from the death of the testator. He referred to several cases where it had been decided since the Wills Act, by which a will speaks as if executed immediately before the death of the testator, that that Act changed the rule. These decisions were by Vice Chancellors and one by the Master of the Rolls and all before the case of *Hensman v. Fryer*, *L. R. 3 Ch. App. Cas.* 420.

After carefully reading the case of *Hensman v. Fryer*, I am not convinced by the argument of the distinguished jurist,

and agree with the view of Vice Chancellor Kindersley expressed in *Dady v. Hartridge*, 1 *Dr. & Sm.* 236 (1858). See 62 *Eng. Reprint* 369. He regarded the Act as doing away with the difference theretofore existing between the meaning of a residuary clause as applied to personalty and realty. See, also, *Lancefield v. Iggulden, L. R.* 17 *Eq. Cas.* 556 (1874). As the reason for the rule has gone, the rule is unreasonable and should be discarded.

Undoubtedly the rule of some of the American courts has force and merit. In some cases it may more fully execute the intention of a testator who does not acquire property after making his will and at the time of making it does not expect to acquire such other property. But it is very difficult to ascertain the intention of a testator, and as he is presumed to have had in mind the principles of law relating to testamentary dispositions, his intentions are to be determined by the application of such principles in the absence of a clear expression to the contrary. There is no basis for a distinction between real and personal property as affected by a residuary clause, and testamentary intentions will be more surely carried out by the same rule as to real estate as always existed as to personalty, and make both kinds of property given in the residuary clause liable for the debts of the testator and then to his general legacies, before resorting to property specifically devised or bequeathed. Besides, this follows the reasoning in the Delaware cases above referred to, and they might be considered by some to be authorities in support of the rule. Therefore, where a testator makes certain specific devises followed by a general residuary clause, the gift under the residuary clause is general and not specific, even when the land which so passed to the residuary devisee was owned by the testator at the time of the making of the will.

By statute the equitable doctrine of contribution to and equalization of the burden of debts of the decedent by and between devisees has been adopted here. Under it if any devisee shall contribute so much as the Orphans' Court shall adjudge to be his proportionable part towards payment of the outstanding debts of the decedent, no order shall be made for

the sale of the premises so given to such devisee. Also if land specifically devised be. sold for the payment of debts of the decedent and the proceeds raised by such sale be more than the just proportion of the devisees of the land towards the payment of such debts, the devisee may compel contribution from the owner of other land of the decedent to equalize the burden of the debts of the decedent. *Revised Code, c.* 90, § 6, *p.* 689; *Revised Statutes of* 1915, *c.* 99, § 8, *par.* 3424.

In a proceeding in the Orphans' Court to sell land of a decedent for the payment of debts of the decedent when his personal estate is insufficient for the purpose, it is required that notice of the proceedings be given to all parties interested, which includes devisees and legatees, who are thus made parties to the proceeding and are bound by the orders made therein. All of the devisees under the will of James F. Sutton are in court in this proceeding by notice, or appearance by counsel, and could be allowed to contribute to the payment of the debts of the decedent in order to exonerate the land specifically devised to them, if application be made therefor in this cause.

Therefore in this cause the executors will be ordered to sell first the four parcels of land which were devised to Daisey Edna Christy under the seventh item of the will. If the amount realized from the sale of these parcels is sufficient to pay all the debts of the testator which are payable therefrom, the other parcels cannot be sold by the executors, and the devisees thereof will hold them clear. The proceeds of the sale of the residuary estate is, of course, applicable first to the liens against the real estate so sold, and then to the other liens on other land according to the statute regulating the application of the proceeds of the sale of land of decedents by order of this court for the payment of debts of the decedent.

In case the proceeds of sale of the residuary estate when so applied is insufficient to pay all the debts of the decedent, is there any order to be prescribed, in which the land specifically devised should be sold?

In the absence of estimates as to the values of the several parcels of land specifically devised, from which some judgment

could be formed as to how much property must be sold to pay all debts, and in the absence of an offer by any devisee to contribute towards the payment of the debts of the decedent in order to exonerate the land devised, the only course open is to order a sale of all the parcels so specifically devised, after exhausting the property not specifically devised. The burden of the debts of the decedent may be adjusted and equalized equitably after the sale by an order disposing of the proceeds of sale.