GEORGE LODGE, Executor of the Last Will and Testament of
Mary B. Edwards, deceased,

*vs.*

ANNIE E. GRUBB, GEORGEANNA BIRD, JENNIE BIRD, HERBERT B.
RENNIE, Administrator of Emma L. Rennie, deceased, FLOR-
ENCE M. ALEXANDER, CARRICK LLOYD, MARGAET LLOYD,
ELEANOR LLOYD, MARION LLOYD, TILLIE LLOYD, BEULAH L.
BROMALL, ELMER G. DUTTON, Administrator c. t. a. of Char-
lotte Beeson, ANNIE L. PARISH, EMMA PALMER, LAVINIA
CLAIR, also known as Mary L. Clair, MARY WOOLFREY,
CLARENCE SIDNEY, PHOEBE MOUSLEY, MARTHA BOOTH,
formerly Martha Forwood, J. LEONARD LLOYD and SAMUEL
LLOYD.

*New Castle, Jan. 29, 1926.*

*Henry R. Isaacs*, for complainant.

*J. La Penne Guenveur*, for legatees under the will.

*William H. Foulk*, for legatees named in the codicils.

THE CHANCELLOR. The questions presented by the amended bill concern the disposition to be made of lapsed legacies. Some of the legacies given to particular individuals have lapsed by reason of the death of the legatees in the lifetime of the testatrix, and two of the legacies given by the general residuary clause have lapsed for the same reason.

Before the enactment of *Section* 3389, *Revised Code* 1915, the common law rule as to devises which have failed, prevailed in this State. That rule was that a lapsed devise goes to the heirs at law, a void one to the residuary devisee if there is one. *Ferguson v. Hedges*, 1 *Har.* 524. Except in the limited class of cases to which *Section* 3389 of our *Code* applies, the common law rule still prevails.

The section referred to applies not alone to devises which have lapsed, but as well to legacies. With respect to legacies, as with devises, the disposition of them in case of lapse is governed by the common law except in the limited classes covered by the statute. Whether any of the deceased legatees in this case bore such relation to the testatrix as to save their legacies from the common law consequences of a lapsing as provided by the statute, the bill fails to show. I shall assume that they did not bear such relationship. This assumption is the only one which could occasion any request by the executor for instructions.

We are therefore to inquire, what disposition does the common law make of a lapsed legacy, there being a residuary legatee? The point, strange to say, does not appear to have ever been directly ruled upon in this State. At all events, if it has, my examination of the cases has failed to discover it.

At common law a lapsed legacy, unlike a lapsed devise, falls into the residuum and is disposed of by a general residuary clause. *Gore v. Stevens*, 1 *Dana* (*Ky.*) 206, 25 *Am. Dec.* 141; *In re Benson*, 96 *N. Y.* 499, 48 *Am. Rep.* 646; *James v. James*, 4 *Paige* (*N. Y.*) 115; *Van Kleeck v. Dutch Reformed Church*, 6 *Paige Ch.* (*N. Y.*) 600; *Taylor v. Lucas*, 11 *N. C.* 215; *Mabry v. Stafford*, 88 *N. C.* 602.

The reason for this distinction between the devolution of a lapsed devise and a lapsed legacy is founded on the conception that at common law a will as regards real property was considered as though it were operative at the time of its publication, whereas with respect to personalty it was considered as operative only at

the time of the testator's death. As to legacies, however, a further distinction is to be noted. It is that while the general rule passes a lapsed one into the residue, yet if the legacy which lapsed was itself a part of the residue it is treated as intestate property and accordingly goes to the next of kin. *Church v. Church*, 15 *R. I.* 138, 23 *A.* 302; *Garthwaite v. Lewis*, 25 *N. J. Eq.* 351; *Ward v. Dodd*, 41 *N. J. Eq.* 414, 5 *A.* 650. I am referred to the case of *In re Whiting*, (1913) 2 *Ch. Div.* 1, as authority for the view that the direction in each of the two codicils to the effect that the will is ratified in all respects other than the codicils provide, is an indication of an intent that the residuary legacies should not lapse and go as on intestacy, but should remain as a part of the residue. I do not regard the case referred to as applicable to such a situation as we have here. Aside from what weight, if any, the *English Wills Act* was allowed by the court to have in deciding that case, it is apparent that the case is clearly distinguishable on other grounds. In that case there was an equal division of the residue among forty-six persons. A codicil revoked the bequest to two of them and ratified the will in all other respects. It was held that the entire residue unreduced by the two revoked parts should be equally divided between the forty-four persons remaining. That is not this case. Here there was no revocation of a residuary share. The will first gave various pecuniary legacies to something like twenty-seven persons in varying amounts, and then came a residuary clause directing the residue to be divided *pro rata* among the persons before named as pecuniary legatees according to the particular amounts bequeathed to them respectively. Later the testatrix executed two codicils in which she said that as the legatees of two of the particular legacies were dead, she revoked the same and in lieu thereof gave the same amount to others. In all other respects the codicils in terms ratified the will. Thus, by the codicils, the legatees who had died were displaced by the testatrix only in their roles of particular legatees. As residuary legatees the codicils left their names in the will. When the testatrix died, therefore, her testamentary disposition of the residue was in part to two persons who had predeceased her and the effect of the codicils as to them was to leave them still in the residuary clause of the will. This condition of affairs was manifestly different from what existed in the case of *In re Whiting, supra.*

Those legacies which are particular and not residuary and are now lapsed, have fallen into the residue and are disposed of by the residuary clause. The shares in the residue which were bequeathed but lapsed by reason of the deaths of the legatees are to be disposed of by the executor as on the intestacy of the testatrix. Of course if the residuary legatees had been given a joint interest, or had been treated by the testatrix as a class, a different result might ensue. But there is no room to contend that such is the case.

A decree will, therefore, be submitted in accordance with the foregoing.