EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Last Will and Testament of Rosanna Truss, deceased.

*vs.*

MARGARET B. BEST, MARGARET B. BEST, Executrix under the Will of Mary E. Hizar, WILLIAM G. DUGGIN, JR., ROSE D. HOWARD, LAURA L. FOULDS, LESLIE N. WORTZ, also known as THOMAS L. WORTZ, LEWIS W. WORTZ, CHARLES G. WORTZ, WILLIAM B. WORTZ, CARL D. WORTZ and JOSEPH P. WORTZ.

*New Castle, December 23, 1949.*

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for plaintiff.

*Howard Duane,* for defendants Margaret B. Best, Margaret B. Best, executrix under will of Mary E. Hizar, William G. Duggin, Jr., and Rose D. Howard.

*W. Reese Hitchens* and *Clement C. Wood,* of the firm of Hering, Morris, James & Hitchens, for remaining de-

fendants, except Laura L. Foulds as to whom a default judgment was entered.

SEITZ, Vice Chancellor: The court is required to determine, *inter alia*, whether the word "issue" as used in the will here involved means "children" or "descendants".

The testatrix, Rosanna Truss, executed her will on December 1, 1890. At that time she had three children Samuel L. Truss, Mary E. Hizar and Thomas L. Truss. By her will she bequeathed a certain sum to her son Samuel L. Truss and her clothing and personal effects to her daughter Mary E. Hizar. By Item 5th of her will she created a trust of $1,000.00 (reduced to $300.00 by codicil) and six identified dwellings owned by her. She then provided that the trustee should:

"* * * pay over the net income rents and profits thereof to my granddaughters Laura and Anna children of Samuel L. Truss so long as thay continue unmarried and in case one shall die or marry then in trust to pay over said net income rents and profits to the other or survivor of them and if both shall die or marry then in trust to pay over to their father the said Samuel L.Truss the said net income rents and profits for and during his natural life, and if he should die without other issue then in trust to assign and deliver the said money or the securities in which the same may be invested and to convey the said realty to Thomas L. Truss and Mary E. Hizar aforesaid share and share alike to them their heirs executors administrators and assigns forever."

The testratrix devised and bequeathed the remainder of her estate to her two children Thomas L. Truss and Mary E. Hizar, their heirs, executors, administrators and assigns forever.

The testatrix executed codicils dated May 2, 1891 and May 17, 1893, neither of which made any change in the provision now requiring an interpretation, except that the first codicil gave the executrix the power of sale, but provided that the proceeds were to be disposed of as therein provided for the realty.

The testatrix died some time between July 7 and October 18, 1897. Her son Thomas L. Truss predeceased her, leaving to survive him his daughter Margaret J. Truss, who in turn died unmarried and without issue on August 5, 1906. At the time of her death the testatrix left to survive her as her sole heirs at law and next of kin her son Samuel L. Truss, her daughter Mary E. Hizar and her granddaughter Margaret J. Truss.

Samuel L. Truss, the testatrix' son, died intestate March 12, 1921 leaving as his sole heirs at law and next of kin his two daughters Anna Truss Wortz and Laura Truss. The testatrix' daughter Mary E. Hizar died testate on November 16, 1938 leaving as her sole legatee and devisee Margaret B. Best.

Anna Truss Wortz died intestate April 23, 1930 leaving her six sons as her sole heirs at law and next of kin. Laura Truss the other daughter of Samuel L. Truss died testate July 24, 1948. She never married and she left as her sole heirs at law and next of kin her six nephews, being the six sons of her sister Anna Truss Wortz. Consequently, there are many living grandchildren and great-grandchildren of Samuel L. Truss who would constitute part of the living descendants of Samuel L. Truss.

The trust terminated upon the death of Laura Truss in 1948. It then became necessary to determine the identity of the beneficiaries of the fund.

The first question presented is whether the word "issue" as used in the phrase "and if he [Samuel L. Truss] should die without other issue" means "children" or "descendants".

Counsel for Margaret B. Best individually and as executrix contends that the word "issue" as used in the quoted language means children, and since Samuel L. Truss had no other children, the fund passed to Thomas L. Truss and Mary E. Hizar under the language of the will. The

attorney for the other defendants contends that the word "issue" means "lineal descendants".

It is suggested that the noun "issue" is an ambiguous word and may mean either "children" or "descendants". Counsel for Margaret Best argues that the primary meaning of the word is "children" and not descendants, and its use to include descendants other than children is purely secondary. It is suggested that there is a possible conflict between the Supreme Court case of *Farrell v. Faries*, 25 *Del. Ch.* 404, 412, 22 *A.* 2d 380, and the Court of Chancery decision in *Security, Trust & Safe Deposit Co. v. Lockwood*, 13 *Del.Ch.* 274, 279, 118 *A.* 225 insofar as the primary meaning of "issue" is concerned.

The Supreme Court in *Farrell v. Faries* was considering the question of the application of the *Rule in Shelley's Case*. The court there did say that "* * * in common usage the sense of the word is 'children' " [25 *Del.Ch.* 404, 22 *A.2d* 384]. However, the court went on to say:

"* * * The true interpretation of the word must be found from the connection in which it is used. Here, the word, in a provi-sional phrase merely, is in immediate contextual relation with an express limitation of the remainder to 'child or children'; and it is abundantly clear so far that the testator used the word 'issue' as synonymous with 'child or children.' "

In *Security Trust & Deposit Co. v. Lockwood* the late Chancellor stated:

"So well settled is it that 'issue' in its ordinary signification means lineal descendants, that I do not deem it necessary to cite authority in support of the proposition." [13 *Del. Ch.* 274, 118 *A.* 227.]

Is it necessary, therefore, to determine whether or not the language of the Supreme Court in the *Farrell* case is inconsistent with the statement of the Chancellor in the *Lockwood* case? Initially I might point out that the Supreme Court did not even mention the previously decided *Lockwood* case when it decided the *Farrell* case. It is suggested that this was some indication of the fact that the

Supreme Court did not believe its utterance was contrary to the court's statement in the *Lockwood* case.

It seems to me that it will be more profitable to attempt to ascertain how the word "issue" was used here without spending time on the question of primary and secondary meaning in the abstract. Moreover, the primary meaning in common usage may differ from technical usage. The intention here can best be ascertained by analyzing the consequences flowing from the application of the different constructions given to the word "issue" and by deciding which consequences in this situation would reflect the reasonable probabilities as to the intention of the testatrix.

The testatrix purported to divide her residuary estate between her son Thomas L. Truss and her daughter Mary E. Hizar. However, there is no indication that this had any real value. She also left small bequests to them. She created a trust for the benefit of her other son's two daughters so long as they should remain unmarried. In the event both should die or marry, then the income of the trust was to go to the testatrix' son Samuel L. Truss for his life, "and if he should die without other issue" then the trust assets went to the other children of the testatrix or their heirs.

At the time this will was drawn the testatrix' son Samuel L. Truss was 39 years of age. His daughters Laura and Anna were 20 and 18 years of age respectively. While there was a possibility that these children would die prior to their father, the testatrix may be assumed to have reasonably considered that they would marry. Indeed, Anna had married before the testatrix executed the second codicil to her will. While Anna had two children at the date the testatrix died, both of the children were born subsequent to the execution of the second codicil.

The factual setting which existed at the time the testatrix executed the will and the codicils fails to throw any

strong light on the question of intention. It does seem to me that the use of the word "other" with the word "issue" relates the word "issue" contextually with the testatrix' granddaughters through her son Samuel L. Truss. It is not unreasonable, therefore, in this situation to conclude that by other "issue" of Samuel L. Truss the testatrix was referring to other children of Samuel L. Truss. Such a construction has weight when we consider that Samuel L. Truss at the time this will was executed was only 39 years of age. Moreover, as counsel points out, a construction that the word "issue" means lineal descendants rather than children would, viewed as of the time of the execution of the will and the date of the death of the testatrix, import to the testatrix a rather bizarre intent. Thus, if the word "issue" be construed to mean "descendants", whether or not the contingent remainder took effect depends upon whether the grandchildren of Samuel L. Truss—the great-grandchildren of the testatrix—were born prior or subsequent to the death of Samuel L. Truss. Moreover, if born prior to the death of Samuel L. Truss they could only take by way of an implied remainder. Such consequences hardly help to persuade that by the use of the word "issue" the testatrix meant lineal descendants.

It is apparent that the will under construction was poorly drawn, not only because of its failure to explicitly define "issue", but because of its failure to provide for alternatives which might have been reasonably anticipated. Having in mind the word "issue" in its context, the factual setting and the rather unrealistic intent which would have to be ascribed to the testatrix by a different construction, I conclude that the word "issue" as used in the 5th Item of this will was intended to refer only to other children of Samuel L. Truss. Since Samuel L. Truss died in 1921 without other children, it follows that the principal of the trust passed under the language of the 5th Item of the will to Thomas L. Truss and Mary E. Hizar subject to the life interest. Mary E. Hizar being dead, Margaret B. Best her

executrix, sole legatee and devisee, is entitled to her one-half of the entire trust estate.

Thomas L. Truss predeceased the testatrix at a time when the anti-lapse statute was inapplicable. We must, therefore, determine to whom this one-half interest goes. Under the fair import of *Burton v. Masten*, 18 *Del.Ch.* 242, 158 *A*. 136, I feel impelled, with some reluctance, to conclude that by the use of the words "their heirs executors administrators and assigns forever" in connection with the devise and bequest to Thomas L. Truss in the 5th Item, the testatrix created words of limitation and not purchase. See *In re Hoermann's Estate*, 234 *Wis*. 130, 290 *N.W*. 608, 128 *A.L.R*. 94. Nothing in the context or the surrounding circumstances evidences a substitutionary intent. Consequently, the share left to Thomas L. Truss under the 5th Item of the will did not pass under the provisions of that Item.

Although by a power of sale granted in the codicil, the real estate was sold, nevertheless, as I construe the language of the codicil, the proceeds were to be treated as real estate. Moreover, it was actually real estate when Samuel L. Truss died. Consequently, I must decide whether the lapsed devise and the lapsed bequest to Thomas L. Truss fell in whole or in part into the residuary clause, or whether it passed as intestate property.

It is clear to me under the present facts that the lapsed bequest fell into the residuary estate. See *Bruno v. President, Directors and Co. of Farmers Bank*, 29 *Del.Ch*. 87, 46 *A.2d* 549.

I must determine whether a lapsed devise falls into the residuary estate or passes as intestate property. Conceding that some earlier Delaware cases have indicated that under the common law a lapsed devise passes as intestate property,[1] I believe that the common law rule is not now ap-

---

[1] See *Doe ex dem. Ferguson v. Roe and Hedges*, 1 *Har*. 524; *Lodge v. Grubb*, 15 *Del. Ch*. 105, 132 *A*. 142.

plicable.[2] I reach this conclusion because the reason given for distinguishing a lapsed devise from a lapsed bequest in connection with such property falling into a residuary clause no longer exists. Compare *In re Sutton's Estate*, 11 *Del.Ch.* 460, 97 *A.* 624; see 4 *Page on Wills*, (*Lifetime Edition*) *Sec.* 1432. At common law a will speaks only from the date of execution as to real estate while it speaks as of the date of death as to personalty. It was reasoned in consequence that if the devise of specific realty lapsed it could not pass under a general residuary clause. However, *Paragraph* 3708 of the *Revised Code of Delaware*, 1935, which was in effect long before the present will was executed, provides that lands acquired by a testator after the making of his will shall pass as if possessed at the time his will is made, unless a contrary intention appears in the will. Since the reason for the common law rule does not now exist, I feel that a lapsed devise should be treated in the same manner as a lapsed legacy. So viewed, it falls into the residuary estate and does not pass directly as intestate property.

Consequently, the one-half interest in the personal property and the one-half interest in the proceeds resulting from the sale of the real estate which was left to Thomas L. Truss fell into the residuary estate. Since Mary E. Hizar who was entitled to one-half of the residuary estate is dead, this share passes to Margaret B. Best her executrix, sole legatee and devisee.

The other half of the Thomas L. Truss interest which fell into the residuary estate must pass as intestate property because this interest also lapsed in the residuary clause since Thomas L. Truss was also a residuary devisee and legatee. It did not under the circumstances pass over under the residuary clause to the other devisee and legatee. See *Bruno v. President, Directors and Co. of Farmers Bank,*

---

[2] I pass over the possibility that the common law rule is also inapplicable because of the contingent nature of the bequest and devise.

*supra.* The personal property represented by this interest passed to the next of kin of the testatrix while the proceeds from the real estate which are represented in this interest passed to the heirs at law of the testatrix. If of any importance, counsel may argue whether the heirs at law and next of kin are to be ascertained as of the date the testatrix died or as of the date of death of Samuel L. Truss.

An order accordingly will be advised on notice.