KATHERINE D. SMITH, Administratrix and HAROLD A. POWELL, Administrator, *c.t.a.*, of the Estate of Ray Heydrick Powell, deceased, and KATHERINE D. SMITH and HAROLD A. POWELL,

*vs.*

FLORA SAVIN, WILLIAM J. HEYDRICK, ADA M. JOHNSON, BEATRICE BAKER, ALICE L. BUCK, ELIZABETH LITTLE, HELEN LITTLE, LEON CANNON, HOLLAND CANNON, WILLIAM CANNON, EMILY CANNON, NANCY VANDERSLICE, SARAH DALE HEISTON HALL, JEAN PHELAN, ANNIE BLACK, HENRY P. CANNON, II, SALLIE C. SPOTSWOOD, LIZZIE M. CAHALL, WILLIAM McK. SCOTT, JR., ELIZABETH SCOTT HAYES, DOROTHY SCOTT SCHULL, WILLIAM C. CAHALL, JR., DUDLEY COWLES, JR., WALTER LAWRENCE CAHALL, ANNE PENNEWILL CAHALL, LAWRENCE M. CAHALL, DOROTHY POWELL, ISABEL POWELL GOLDSMITH, EDES POWELL, and FRANCIS POWELL.

*Kent, June 8, 1950.*

*Howard E. Lynch, Jr.,* for plaintiffs as administrator and administratrix.

*John B. Hutton,* and *R. Archibald Smith,* Kansas City, Mo., for plaintiff Katherine D. Smith, individually.

*William J. Storey,* for plaintiff Harold A. Powell, individually.

*Albert W. James* and *Howard L. Williams,* of the firm of Hering, Morris, James & Hitchens, for defendants Flora Savin, William J. Heydrick, Ada M. Johnson, Beatrice Baker, Alice L. Buck, Elizabeth Little and Helen Little, certain of the heirs at law and next of kin of testatrix.

*Henry J. Ridgely,* for defendant Dorothy Powell.

SEITZ, Vice Chancellor: This complaint seeks an interpretation of the will of Ray Heydrick Powell, who died testate on February 10, 1948. The will, which is dated February 15, 1945, first bequeaths certain sums of money and then bequeaths and devises the residue to the husband of the testatrix in the event he survives her. The will then contains the provision which is here involved:

"Fourth: In the event of the death of my husband Walter A. Powell before my death, I give, bequeath and devise all of the rest, residue and remainder of my property and estate, real, personal and mixed, of which I die seized, own, or in which I have any interest at the time of my death wherever situated, to Lyman P. Powell, Elmer N. Powell, Harold A. Powell and Katherine D. Smith, share and share alike, to have and to hold to them, their respective heirs and assigns."

The husband of the testatrix predeceased her, bringing into operation the quoted item Fourth. Of the four named residuary beneficiaries, two, viz. Lyman P. Powell and Elmer N. Powell, predeceased the testatrix. Lyman P.

Powell and Elmer N. Powell were brothers of the testatrix' deceased husband. Lyman P. Powell left surviving him a son, Francis Powell, and a grandchild, Edes Powell, child of a deceased son. Elmer N. Powell left surviving him a daughter, Dorothy Powell. The issue mentioned also survived the testatrix.

The two surviving residuary beneficiaries, Katherine D. Smith and Harold A. Powell, are the children of a deceased brother of the testatrix' deceased husband.

The contentions of the various parties can be stated in the form of two questions:

(1) Are the respective heirs at law and next of kin of the residuary beneficiaries who predeceased the testatrix entitled to their appropriate shares of the portion which each deceased residuary beneficiary would have received had he survived the testatrix?

(2) If the answer to question (1) is in the negative, then are the surviving residuary beneficiaries entitled to receive that property?

.The answer to the first question can best be resolved by considering the contentions of those supporting the position that the shares of the residuary beneficiaries who predeceased the testatrix go to their respective heirs at law and next of kin. It is contended that the use of the words "share and share alike, to have and to hold to them, their respective heirs and assigns" shows that the testatrix did not intend the shares to lapse. This contention is coupled with the principle that the law favors the vesting of estates.

It has been held in this State several times that the words "share and share alike" etc., are words of limitation and not of purchase. See *Burton v. Masten,* 18 *Del. Ch.* 242, 158 *A.* 136; *Equitable Trust Co. v. Best, et al., ante p.* 247, 70 *A.* 2*d* 1. The use of the word "respective" only tends

to emphasize grammatically the separate nature of the testamentary gifts. In view of the long-standing construction placed on these words in this State, I do not believe the legal principle favoring the vesting of estates can have any application in the absence of pertinent evidence and testamentary provisions showing an intention to use the words as words of purchase. No such evidence or provision appears. The anti-lapse statute has no application.

I conclude that the heirs at law and next of kin of the residuary beneficiaries who predeceased the testatrix are not entitled to take under this will.

I next consider whether the shares designated for the beneficiaries who predeceased the testatrix go over to the other residuary beneficiaries. While counsel for the surviving residuary beneficiaries seem to suggest that the common law of this State should be changed, I feel that this court must adhere to the numerous decisions in this State deciding that an intestacy results upon the decease of a residuary beneficiary during the lifetime of a testator in the absence of evidence of an intention to create a joint or class gift or the equivalent. See *Lodge v. Grubb, et al.,* 15 *Del. Ch.* 105, 132 *A.* 142; *Burton v. Masten, supra; Bruno v. President, Directors and Company of Farmers Bank,* 29 *Del. Ch.* 87, 46 *A.* 2d 549; *Equitable Trust Co. v. Best, et al., supra.* The case of *Wolcott v. Shaw,* 21 *Del. Ch.* 1, 2 *A.* 2d 913, does not represent the law on this point. See *Bruno v. President, Directors and Company of Farmers Bank, supra.* Counsel for the surviving residuary beneficiaries contend that the evidence of the surrounding circumstances at the time the testatrix executed her will shows a clear intention to pass her entire estate to her husband's relatives. This being so, they urge that the common law rule of construction is inapplicable because it would, in part, frustrate this intent.

What is the evidence on which counsel rely to show an intention that the two surviving residuary beneficiaries

should take all the property in this case? They rely on a previous will executed by the testatrix in 1942 which gave one-half of her estate to her husband if living and the residue (after certain bequests) to certain of her maternal and paternal cousins. If her husband predeceased her she then gave certain property to her husband's relatives and the rest to her same maternal and paternal cousins. Counsel urge that the cutting off of her own relatives in the present will evidences an intention that her husband's relatives should have all the residuary property.

Let us concede that the evidence as to the prior will is relevant and admissible and that it shows an intention that the testatrix desired to cut off her own relatives. This same intention is necessarily inferable from the probated will itself. The existence of the prior will merely emphasizes this intention. It does not follow from this premise that the testatrix intended the surviving residuary beneficiaries to have the shares of the deceased residuary beneficiaries. Indeed, a different intention is more likely. The named residuary beneficiaries were two of her husband's brothers and a son and daughter of her husband's deceased brother. Since the testatrix left shares to the children of her husband's deceased brother it can be much more strongly argued that had she known her husband's other two brothers would predecease her, she would have willed the shares of the residuary beneficiaries who predeceased her to their issue. Since the will and surrounding circumstances do not warrant, under our decisions, the passing of these shares to the issue of the deceased residuary beneficiaries, I think, *a fortiori*, they should not here pass to the surviving residuary beneficiaries.

There is thus no basis for arguing that the surrounding circumstances warrant the conclusion that the testatrix intended the surviving residuary beneficiaries to take the shares of those who predeceased the testatrix. I conclude that they did not do so.

It necessarily follows from my conclusions that the shares which would have gone to the two residuary beneficiaries had they survived the testatrix must pass as intestate property to the heirs at law and next of kin of the testatrix. Since these appear to be the same, I need not consider the problem concerning the authority of the administratrix and administrator to make certain payments.

An order accordingly will be entered on notice.