DELAWARE TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Will of EDITH BRYAN QUILLEN, deceased,

*vs.*

H. ALBERT YOUNG, Attorney General of the State of Delaware, and HORACE EDGAR QUILLEN, AUGUSTA BRODES, ANNIE M. ESKRIDGE, JASPER NEAL, LUTHER NEAL, and MYRON McKIM, JR.

*New Castle, December 24, 1952.*

*David F. Anderson*, of Berl, Potter & Anderson, for plaintiff.

*Thomas Cooch*, of Morford, Bennethum, Marvel & Cooch, for defendants Augusta Brodes, Annie M. Eskridge, Jasper Neal, Luther Neal, and Myron McKim, Jr.

*H. Albert Young*, Attorney General, and *Stephen E. Hamilton*, Deputy Attorney General, for defendant H. Albert Young.

BRAMHALL, Vice Chancellor: Edith Bryan Quillen died a resident of Kent County, Delaware, on August 5, 1948. In Item 2 of her last will and testament she devised a certain parcel of real estate in the Town of Harrington to her husband, Horace Edgar Quillen, for and during the term of his natural life. Upon his death she devised said real estate to The First National Bank of Harrington, in trust for the uses and purposes "set forth in Item ——— of this Will". In Item 9 of the will the residuary estate is bequeathed to the said First National Bank of Harrington as trustee to pay an annuity for life to one Caroline S. Devereaux. In Item 10 testatrix directs that upon the death of said Caroline S. Devereaux the trustees shall pay three-quarters of the trust fund to two named charities. As to the other one-quarter part of said trust fund, she provided as follows:

"(a) I order and direct that one-fourth part of said fund shall become a part of the Educational Trust created or established out of moneys received from the estate of my husband, Horace Edgar Quillen, and my trustee is hereby ordered and directed to pay, transfer or convey said one-fourth part unto the Trustee of said Educational Trust."

The First National Bank of Harrington renounced as trustee and thereafter on December 21, 1950, the plaintiff was appointed

as trustee to administer the trust. Under Item 4 of her will, Mrs. Quillen provided that if her husband predeceased her and he had left certain property to her under his will, then she bequeathed such property to two brothers of her husband "with the utmost confidence in them or either of them, that they will create or establish certain charitable trusts, the plans for which they are acquainted and which are set forth in a letter addressed to them which will be found in my safe deposit box in The First National Bank of Harrington." Since the husband of testatrix survived her, this provision never became operative.

Because of difficulties arising as to the interpretation of these items of the will of testatrix, the trustee has filed its complaint, asking this court to construe these provisions. Several questions are presented for determination:

1. What disposition should be made of the remainder interest in the real estate devised under Item 2?

2. Should the provisions of Item 10 (a) be administered *cy pres?*

3. If the doctrine of *cy pres* is not applicable, what disposition shall be made of the property referred to in Item 10 (a)?

1. I shall first consider Item 2 of the will, in which certain real estate is left to the husband of testatrix for life and upon his death to The First National Bank of Harrington as trustee for the uses and purposes set forth in an unnamed item of the will.

The only other trust created or referred to in the will in which The First National Bank of Harrington is designated as trustee is in Item 9. Under Item 9 the residuary estate is bequeathed to the said bank in trust to pay an annuity of $50 per month to Caroline S. Devereaux for life. Since the only provision naming The First National Bank of Harrington as trustee is found in this Item, it is obvious that the provisions of Item 2 were intended by the testatrix to refer to Item 9. If it did not refer to Item 9, the provisions of Item 2 would lapse, in which case the devise would go to the residuary estate. *Equitable Trust Company v. Best*, 31 *Del.Ch.* 247, 70 *A.2d* 1; *Equitable Trust Company v. Delaware Trust Company*, 30 *Del.Ch.* 348, 61 *A.2d* 529. Since Item 9 is the residuary clause of the will, the devise of real estate as pro-

vided in Item 2 would be administered under Item 9, in either event.

2.  Should the provisions of Item 10 (a) be administered *cy pres?* Since the so-called "Educational Trust" referred to in Item 10 (a) relates to the provision of Item 4 of the will, I shall first consider it.

In Item 4 testatrix provided,—in the event that her husband should predecease her, and in the further event that she had not carried out certain plans which she had stated that she had made for the creation of certain charitable trusts from the residue of the estate of her husband under Item 12 of his will,—that this interest should be paid to Robert H. Quillen and Harold S. Quillen, "their heirs and assigns forever with the utmost confidence that they will create or establish certain charitable trusts the plans for which they are acquainted and which are set forth in a letter to be found in my safe deposit box."

Since the letter referred to was not found after the death of testatrix, either in the safe deposit box or elsewhere, and since the parties referred to in this Item as having knowledge of the plans of testatrix testified that testatrix had never acquainted them even in the most general manner with any plans which she might have for the creation of such trusts, we are faced with a situation where the testatrix has attempted to create a trust or trusts out of moneys which she never received for purposes which are not even remotely set forth and under terms and conditions for which she made no provision.

In Item 10 (a) testatrix therefore attempted to dispose of a part of her residuary estate to a non-existent trustee for a non-existent trust. The only evidence at all helpful in this respect was the testimony of the husband. He testified that during the lifetime of testatrix he had opened a special account in a Harrington bank with the intentions of using these funds in some manner to aid boys and girls in Kent County to acquire a higher education. He stated that one or two small loans had been made from this account but was uncertain as to whether or not these loans were made prior to the death of testatrix or prior to the time when the account was

closed. He instructed his attorney to study the will of another decedent, who had provided in his will for assistance to boys and girls in Sussex County, in acquiring a higher education and then to prepare a trust agreement. This was never done. Subsequent to the death of testatrix, upon ascertaining that the moneys which he had advanced were not deductible for income tax purposes, by reason of the fact that no trust agreement had ever been prepared, the husband closed the account.

It is contended that, although these provisions of the will cannot be carried out as provided by testatrix, nevertheless, testatrix thereby indicated a general charitable intent to assist boys and girls in Kent County in acquiring a higher education and that therefore the trust should be administered *cy pres*.

In order that a trust may be administered *cy pres*, it must be determined that the testatrix has indicated in her will a general intention that her property should be applied in any event for a general charitable purpose. *Delaware Trust Company v. Graham*, 30 *Del.Ch.* 330, 61 *A.2d* 110; *Murphy v. McBride*, 14 *Del.Ch.* 457, 130 *A.* 283; *Union Methodist Episcopal Church v. Equitable Trust Company*, 32 *Del.Ch.* 197, 83 *A.2d* 111.

I can find nothing in the will to indicate a general charitable purpose on the part of the testatrix. A reasonable interpretation of the will would in fact seem to indicate that testatrix desired first to apply any moneys which she might receive from her husband's estate to a trust which she believed he had created, and, secondly, to augment these trust funds by adding to it one-quarter of her residuary estate after the termination of the life estate therein provided. Item 10 (a) merely directs payment to the trustee of "said Educational Trust", referring to a trust which never came into existence. Item 4, which purported to establish the trust referred to in Item 10 (a), refers only to "certain charitable trusts", about which absolutely nothing is known. Since the particular purposes of the charitable trust cannot be ascertained and there is nothing in the language of the will to indicate a general charitable purpose, the intended charitable trust must fail. See *Restatement of Trusts*, Sec. 413, *p.* 1282, *comment (e)*. This is particularly true where the testatrix devised or bequeathed property in trust for such

charitable purposes as she has communicated to the person or persons whom she has designated as trustee or trustees, or for such other purposes as she may thereafter communicate to him or them and she never communicates the purposes to the trustee. See *Restatement of Trusts, Vol. 2, Sec. 395, p. 1188, comment (c)*.

I therefore conclude that the trusts attempted to be created under Items 2 and 10 of the will of testatrix failed and that the doctrine of *cy pres* does not apply.

■ 3. What disposition shall be made of the property referred to in Item 10 (a)? Upon the failure of a bequest or devise, such bequest or devise would pass to the general residuary clause of the will. *Equitable Trust Company v. Best, supra; Equitable Trust Company v. Delaware Trust Company, supra.* Item 10 (a) of the will is a part of the residuary clause. This interest must therefore pass as intestate property. It would not under the circumstances pass under the residuary clause to the other devisees. The personal property represented by this interest passed to the next of kin of the testatrix while the real estate passed to the heirs-at-law of the testatrix. *Equitable Trust Company v. Best, supra.*

■ Defendants Brodes, et al., contend that the husband, Horace Edgar Quillen, is to be excluded from the class of persons determined to be the heirs or next of kin of testatrix, because of the fact, say these defendants, that Horace Edgar Quillen was given a life estate in certain real estate under Item 2 of the will of the testatrix. These defendants contend that the husband was intended by testatrix to be excluded from the class of persons who were to be determined as her heirs or next of kin in the event of the failure of the direction in Item 10 (a) or would have been so intended had testatrix given consideration to the same. These defendants further contend that this is so because of the fact that in Item 10 (a) testatrix provides for moneys received from the estate of her husband. They contend that the case of *Delaware Trust Company, ante p.* 135, 91 *A.2d* 44, 46, is applicable to this case. There this court held that reference to a life tenant as "heirs-at-law" where the life tenant is the sole heir-at-law, creates an incongruity.

The contention of these defendants, while ingenious, is somewhat strained. It is true, under the provisions of Item 2, that the testatrix had devised to her husband a life interest in certain real estate. Of course, this provision was undoubtedly inserted by testatrix in the event that she should predecease her husband. In Item 10 (a) testatrix makes no provision for him. It was inserted by testatrix to provide for the other alternative, namely: the death of her husband before the death of testatrix. Since in both these items the testatrix attempted to provide for whichever exigency might arise, it would not be reasonable to engage in any presumption as to either item. This case is quite different from the *Delaware Trust Company* case above cited. In that case the deceased in her agreement of trust *inter vivos* and in her will provided for the creation of certain life estates, one of which was for her son, who was her only child. She then provided that certain of her estate, after the termination of the life estates, should go to "her heirs-at-law" and to the "heirs-at-law of my husband". In the present case testatrix attempted to give a part of her estate to a charitable trust supposed to be in existence. This provision being void, a resulting trust arises in favor of the heirs-at-law and the next of kin of testatrix. There is absolutely nothing in the will to indicate the desire of testatrix in such event. Rather, it would seem that the testatrix did not contemplate such a contingency.

I therefore conclude that the husband is to be included in the class of heirs-at-law and next of kin.

An order will be entered on notice in accordance with this opinion.