MILDRED M. JACKSON and RODNEY A. JOHNSON,
Plaintiffs,

*vs.*

MYRON A. SCHULTZ,
Defendant.

*New Castle—May 28, 1959.*

*Clyde M. England, Jr.,* Wilmington, for plaintiffs.

*Thomas J. Healy, Jr.,* Wilmington, for defendant.

MARVEL, Vice Chancellor: Plaintiffs, who are children[1] of the late Bessie H. Bullock, have contracted to sell to defendant a house formerly owned by their step-father the late Leonard S. Bullock, claiming to hold title to such property at 1012 Kirk Avenue in Wilmington under the terms of Mr. Bullock's will. Mr. Bullock, who had no children of his own, married plaintiffs' mother in 1918, caring for and supporting her three children during their minority, and continuing to support Beatrice after his wife's death some five years ago, a fact which is reflected in his income tax returns. He died on September 8, 1958.

Defendant has refused to perform the contract, claiming that plaintiffs' mother having predeceased the testator, plaintiffs took nothing under their step-father's will of January 13, 1937, the controversial clause of which provides as follows:

"Second: I give, bequeath and devise unto my beloved wife, Bessie H. Bullock, all my property real, personal and mixed where-

---

1. Plaintiffs' sister, Beatrice M. Johnson, is not as a plaintiff because of a mental infirmity, however, her interest if any in the property here involved is identical with plaintiffs'.

soever situate and of whatever nature and kind, to her and her heirs and assigns forever."

Defendant contends that when a devise is made to a named person, "his heirs and assigns forever," the heirs as such normally take nothing by way of substitution if the devisee predeceases the testator, such expression being deemed one of limitation defining the quantity of the estate devised, *Burton v. Masten*, 18 *Del.Ch.* 242, 158 *A.* 136, 137. In the absence of "something further" in the language used in a will the same rule has been applied in cases where the word "and" appears before the clause "heirs and assigns," dictum in *Burton v. Masten*, supra, and 57 *Am.Jur. Wills* § 1430. However, when "or" is used following a primary devise, the subsequent reference to "heirs" or the like has been deemed to designate those who will take by way of substitution in the event the primary devisee predeceases the testator, and a lapse is thereby avoided. See *Annotations* in 78 *A.L.R.* 992 and 128 *A.L.R.* 94; *Delaware County Trust Co. v. Hanby*, 19 *Del.Ch.* 228, 165 *A.* 568, and *Fisher v. Barcus*, 14 *Del.Ch.* 324, 127 *A.* 53.

It has also been held that the words "or" and "and" may be substituted for each other in arriving at a proper construction of a will, "and" having been read as "or" for the purpose of carrying out an obvious testamentary purpose in the cases of *Kerrigan v. Tabb*, *N.J.Ch.*, 39 *A.* 701, and *Huntress v. Place*, 137 *Mass.* 409. In the case of *Burton v. Masten*, supra [18 *Del.Ch.* 242, 158 *A.* 137], the Chancellor, while distinguishing the facts of these cited cases, could not have applied their holding in any event because the word "and" was not used following the primary devise, the pertinent language in the will before him in that case being "* * * to them (him) their (his) heirs and assigns forever. * * *"

According to the uncontroverted facts before me on plaintiffs' motion for summary judgment, the testator's father, a widower, died on January 7, 1936. He was survived by a brother, Harry, a step-son, Frederick, and his own son, Leonard. On January 18, 1936 these three survivors entered into an agreement which was designed to insure, inter alia, that in the event of Leonard's death during the settlement of his father's estate his share of such estate would go to his wife, Bessie, and not to his Uncle Harry, the latter agreeing to

such arrangement. Thus, while the legal theory of the agreement is dubious, it demonstrates Leonard S. Bullock's clear intent that his share of his father's estate should go to his wife and not to his only living blood relative. In his 1937 will, executed following settlement[2] of his father's estate, he expressly directed that his entire estate should go to his wife, "to her and her heirs and assigns forever," and named her executrix.

In addition to this evidence of intent that his sole surviving blood relative should not share in his estate (Harry Bullock being the only one who would take in the absence of a will, there being no living brothers or sisters of either John, Harry or Leonard or descendants of any of them) there is the further fact that in 1939 Harry died. His wife having predeceased him and there being no known next of kin of the testator at the time of his death, his will should be read not only so as to carry out his intent but construed, if possible, so as to avoid not merely intestacy but a total escheat.

While the granting of a decree of specific performance is a matter requiring the exercise of judicial discretion, such decree should normally be granted in a land purchase case such as this unless to do so would require a buyer to accept a defective title subject to attack by an adverse interest not before the Court, *Alrich v. Wood,* 30 *Del.Ch.* 80, 53 *A.2d* 439. Here, however, there being no possibility of any adverse claim, according to the record before me, and being satisfied that there is a solid basis in law for sustaining plaintiffs' claim to a fee simple title in the lands here involved in the light of the uncontroverted facts, I am of the opinion that plaintiffs' motion should be granted.

There being a recognized rule of construction permitting "and" to be read as "or" when so to do will carry out the testator's intent in will construction cases such as this, I adopt such rule of construction in the light of the facts in the record before me. The language used by the draftsman of the will namely, "* * * to her and

---

2. On January 14, 1937, Leonard's step-brother wrote on the January 18, 1936 agreement that he was perfectly satisfied with the accomplished settlement of his step-father's estate.

her heirs * * *" adapts readily to the rule which permits such a substitution, and were such rule not to be followed this is a case in which the total testamentary background calls for a finding of intent that a substitutionary gift over to the testator's step-children be made in the event of his wife's death prior to his own.

In earlier cases before this Court, such as *Equitable Trust Company v. Best*, 31 *Del.Ch.* 247, 70 *A.2d* 1, and *Smith v. Savin*, 31 *Del.Ch.* 347, 73 *A.2d* 785, the evidence failed to throw any light on the testator's actual intent. Here the evidence sustains a ruling that the will be construed as making a substitutionary devise over to plaintiffs and their sister, persons whom the testator raised as his own, their mother having predeceased the testator.

Plaintiffs' motion for summary judgment is granted.

Order on notice.